HARRY SILVER, Respondent, v. BESSIE BABITZKY and Others, Defendants, Impleaded with MORRIS BERGER and Another, Appellants.

Third Department, March 19, 1930.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the appellants.

*Ellsworth Baker*, for the respondent.

HINMAN, Acting P. J.   Jake Babitsky and Bessie, his wife, owned a farm in Sullivan county, N. Y.   In 1918 they executed a first mortgage on that property known as the Prince mortgage.   In 1920 they executed another mortgage known as the La Bagh mortgage on the same premises.   In 1921 Bessie Babitsky, to whom Jake Babitsky had transferred the title to the farm, gave a mortgage to Max Persky (named therein as Sam Persky) to secure the payment of $3,781.25.   Max Persky had become a partner of Babitsky for a short time and when he conveyed back his half interest in the property to Bessie Babitsky he received this mortgage as a purchase-money mortgage.   It was conceded on the trial that Sam Persky and Max Persky were one and the same person.   This is the mortgage sought to be foreclosed herein.

In 1922 Morris Berger recovered a judgment against Jake Babitsky and thereafter brought a judgment creditor's action against Jake Babitsky and others, in which he obtained a judgment making his former judgment against Babitsky a lien against the premises involved herein, which later judgment was granted in

February, 1927. A sale was had under said judgment and Morris Berger bought in the property subject to the foregoing three mortgages.

In the summer of 1927 the owner of the second mortgage (the La Bagh mortgage) started foreclosure which proceeded to judgment of foreclosure, entered in Sullivan county clerk's office on October 6, 1927. The attorney for the plaintiff herein was not the attorney of record in such foreclosure action, but an attorney associated with him in his office handled the litigation and, after judgment, duly caused notice of sale to be published and posted and caused said sale to be advertised for December 12, 1927. Morris Berger, having previously purchased the premises subject to the mortgages, demanded an assignment of the La Bagh mortgage and of the judgment in foreclosure; and at his request such assignment was taken over in the name of his wife, Rose Berger, on or about November 12, 1927. In the meantime, also, the third mortgage had been duly assigned by Max Persky and had been ultimately assigned to Harry Silver, the plaintiff in this action, which mortgage still remains unpaid, the balance due on said mortgage and the accompanying bond being the sum of $3,281.25.

Thereafter, and in the month of November, 1927, Morris Berger and a relative, named Martin Berger, together with separate attorneys met with the attorney for the plaintiff herein at his office in New York city, where it was agreed in the presence of Morris Berger that Martin Berger would take over by assignment the third bond and mortgage then owned by the plaintiff Silver; and it was left to the attorney for Martin Berger and the attorney for the plaintiff herein to arrange about the clearing of the record title to said mortgage by showing that Sam Persky and Max Persky were one and the same person. The plaintiff's attorney was justified in his belief that the plaintiff's mortgage was to be taken over as soon as the record title was corrected, but certain delays were necessitated and before this was accomplished and on December 12, 1927, the defendant Morris Berger, through his attorney, and without the knowledge of the plaintiff or of the plaintiff's attorney, caused the premises in question to be sold under the judgment in foreclosure of the La Bagh mortgage, and a deed was executed by the referee to Morris Berger dated December 12, 1927, and recorded December 19, 1927. On December 14 and 15, 1927, correspondence took place between the attorney for the plaintiff herein and the attorney for Martin Berger, indicating clearly that these attorneys had no knowledge of the sale which had taken place on December 12, 1927, which cut off the third mortgage and all rights thereunder, and further indicating that these attorneys in good faith expected

to proceed to close the assignment of the third mortgage from Silver to Martin Berger as quickly as possible. This correspondence would also indicate that Morris Berger himself had no knowledge that the sale of December twelfth had taken place or that title to the premises had been taken in his name. Morris Berger had brought about the conference leading to the understanding that Martin Berger was to purchase this third mortgage. It was to be a purchase in his interest and he knew what the arrangement was. The plaintiff and his attorney were lulled into a sense of security. The plaintiff's attorney had not had personal charge of the foreclosure of the La Bagh mortgage and did not know that a sale had been advertised for December twelfth. The attorney for Morris Berger and Rose Berger, his wife, who represented the Bergers at the sale of December twelfth, was not the attorney who attended the conference in New York with Morris Berger; but the effect of his conduct or that of the representative of his office in proceeding with the sale of December twelfth and in taking title in the name of Morris Berger was to accomplish a constructive fraud as against the rights of the plaintiff in view of all the circumstances. The property was struck off to Berger for $400, which was an inadequate price. It resulted in an unfair advantage being taken of the excusable mistake of the plaintiff's attorney in failing to protect his client at the foreclosure sale, and the court below has properly held and decreed that the sale of December 12, 1927, be set aside and that the deed of that date to Morris Berger be vacated and discharged of record.

The court has also held that the plaintiff is entitled to the usual judgment of foreclosure and sale under the third mortgage, unless the defendant Rose Berger shall advertise the premises for sale under her judgment of foreclosure of the La Bagh mortgage without undue delay; in which event it was provided in the judgment below that the provision decreeing judgment of foreclosure of the third mortgage be stricken out. Were it not for the failure of the plaintiff to bring in a further necessary party defendant to this foreclosure, we would affirm the judgment as a whole. It seems, however, that on October 11, 1927, and after Morris Berger had purchased the premises in question at the sale had pursuant to his judgment in the judgment creditor's action, Morris Berger and his wife deeded a one-half interest in the premises in question to Sarah Berger, who has not been made a party. The deed to Sarah Berger was recorded in the Sullivan county clerk's office on October 18, 1927. The action to foreclose the third mortgage was commenced by the plaintiff herein on or about December 31, 1927. Thus Sarah Berger became one of the persons owning the equity of

redemption and was a necessary party defendant to the foreclosure action, and the judgment below cannot be sustained so far as it decreed a judgment of foreclosure and sale under such third mortgage. This is so even though this objection of a defect of parties is raised for the first time in this court. " The plaintiff is not entitled to the equitable relief sought, if it appears that a complete determination of the controversy cannot be had without the presence of other parties, and the court must direct them to be brought in." (*Moulton* v. *Cornish*, 138 N. Y. 133, 146; Civ. Prac. Act, §§ 193, 1079, as amd. by Laws of 1923, chaps. 250, 176; *Winslow* v. *Clark*, 47 N. Y. 261; *Hall* v. *Nelson*, 14 How. Pr. 32.)

It is urged that we may affirm the judgment, leaving the plaintiff to maintain another action for strict foreclosure as to Sarah Berger. The remedy of a strict foreclosure is regarded as harsh and generally inequitable and not to be encouraged (42 C. J. 21) and in this State has not been recognized save in a very limited class of cases. It is rarely allowed in this State except in cases where a foreclosure has once been had and the premises sold and even then it is resorted to only in extreme cases where "obvious principles of justice" or "some adverse denominating equity * * * requires a departure from the general rule." (*Denton* v. *Ontario County National Bank*, 150 N. Y. 126, 134, 135; *Bolles* v. *Duff*, 43 id. 469, 474; *Moulton* v. *Cornish*, 138 id. 133, 142.) The facts here shown are not sufficient to authorize the exercise of that jurisdiction.

The judgment should be affirmed in so far as it vacates the sale and deed of December 12, 1927, under the La Bagh mortgage foreclosure, but should be modified by striking out the part which decrees foreclosure of the plaintiff's mortgage, as to which a new trial should be had, if the defendant Rose Berger fails to readvertise the premises for sale within a reasonable time as provided in the judgment below and if the plaintiff elects to proceed with the action by bringing in the necessary additional parties. Such modification of the judgment should be without costs in view of the failure of the appellants to raise the question of defect of parties in the court below.

DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Judgment modified in accordance with opinion, and as so modified affirmed, without costs.