Moore, Executrix of Estate of Fred Jackson, Deceased
v. Jackson, et al.

No. 42768 November 25, 1963 157 So. 2d 785

*Hedgepeth, Price & Hedgepeth,* Jackson; *John B. Ewing,* McComb, for appellant.

*Reeves, Brumfield & Reeves,* McComb, for appellees.

McELROY, J.

Josie Moore, executrix and devisee under the last will and testament of Fred Jackson, deceased, appealed from a decree of the Chancery Court of Pike County, Mississippi setting aside the purported last will and testament. The trial court adjudicated that proponents failed to show by a preponderance of the evidence testamentary capacity, lack of undue influence, and execution of the will in the manner prescribed by statute; and that the will was not valid. The prior order of the chancery court, admitting the will to probate in common form, was cancelled and set aside. Appellant, Josie Moore, was allowed an appeal to this Court.

The petition contesting validity of the will was filed May 28, 1962 by Myrtis Greshman, Jessie Jackson, David Jackson and Edna Swanson. The will was signed January 8, 1962 at the Veterans Administration Hospital in Jackson, Mississippi. It willed the property to Josie Moore, and to Lester Jackson and Bob Ray Jackson, who are illegitimate children of the deceased. Process was served on Josie Moore and Lester Jackson, but the return showed that Bob Ray Jackson could not be found.

At the regular term the chancellor entered an order directing that the case be heard in vacation. The attorney for contestants and counsel for Josie Moore agreed for it to be tried in vacation without a jury, with the chancellor acting both as judge and jury. Les-

ter Jackson, not consenting to the vacation hearing, was not bound by it.

The record is silent as to any objections to nonjoinder of parties. There were none. The only objection to a nonjoinder of parties was made first in the assignment of errors on appeal, which was filed on October 14, 1963.

In this state and many other jurisdictions "all the parties named in the will as legatees or devisees are necessary parties to a contest, at least where the contest is by a suit in equity to set aside the probate of the will. It has been held that a court has no authority to try a suit to contest a will unless all interested parties are before the court." 57 Am. Jur., Wills, Section 826.

In some limited circumstances the failure of one part of a will for invalidity or other cause does not affect those portions of it which are valid. *Ibid.*, Sec. 38. However, it is uniformly held that testamentary incapacity invalidates the entire will. *Ibid.*, Sec. 87.

The instant adjudication of testamentary incapacity would have the effect of binding appellant, if affirmed, but not the devisees not joined.

 █ In the instant case, the applicable statute is Code Section 506: "In any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties."

The statute is in mandatory terms, stating that interested parties "shall be made parties". In short, all persons interested in the will are necessary parties.

This Court has consistently construed this statute as requiring as indispensable parties those interested in the contest. Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570 (1924), involved a will of Miss Allen. She left her entire estate by one will to Miss Hoskins. The hospital filed a caveat protesting against it, asserting it was obtained by undue influence, and relying on an earlier will, which left to the hospital and to a number of other persons parts of the estate.

None of these were made parties to the contest, nor did contestants allege who were the heirs at law of Miss Allen, and they were not made parties. The court held that the heirs at law were interested and necessary parties ''under the very terms of the statute itself. The court can not properly entertain a contest of the will without having before it all the parties interested in such contest.'' It was error to proceed without having them before the court. ''There ought to be only one contest of the will, and, if the parties are not before the court when the will is being contested, of course their rights could not be affected by such contest.'' This Court has consistently followed that interpretation in other cases. Dorsey v. Sullivan, 199 Miss. 602, 24 So. 2d 852 (1946); Payne v. Payne, 208 Miss. 263, 44 So. 2d 400 (1950).

In equity procedure in Mississippi there are two classes of parties: necessary parties, and proper parties, ''the first class being parties without whom the court will not in any event proceed, and the second being those who may be omitted for good cause shown, provided that without them a practical and just decree may nevertheless be made.'' Griffith, Miss. Chancery Practice, § 107. The same text at section 147 states that objections for nonjoinder must ordinarily be raised at the proper time in the trial court, ''and unless the nonjoinder of a necessary party be a matter indispensably essential it must be raised in the trial court without which it will not be reviewed.''

■■ ■ In the instant case we think the nonjoinder of Lester Jackson and Bob Ray Jackson constituted a failure to comply with the requirements and limitations of Code section 506; and that such parties were necessary, indispensable parties to the contest of the will. The court was without power to proceed without them.

As an analogy, Code section 1314 creates a proceeding in chancery to confirm a tax title, and states that the

complainant shall make all interested persons in the land parties defendant. They are necessary parties. Paepcke-Leicht Lbr. Co. v. Savage, 137 Miss. 11, 101 So. 709 (1924), held that a failure to make defendants in such a suit the owners of parts of the land before the tax sale invalidated the entire confirmation action. They were interested parties, and necessary parties defendant. "The proper service or publication of process is jurisdictional." Hence the confirmation suit and decree was void, and could be attacked collaterally in that action. To the same effect is White v. Merchants and Planters Bank, 229 Miss. 35, 46, 90 So. 2d 11 (1956).

Code section 1323 provides for other title confirmation suits. In Warren v. Clark, 230 Miss. 873, 884, 94 So. 2d 323 (1957), in a suit generally to confirm title, some of the interested parties were not made parties to the suit, so the court held that the decree for complainant below would have to be reversed. "Under these circumstances, no valid decree confirming title to the slip (for boat landings) could be made." The record does not reflect whether defendants raised nonjoinder of necessary parties in the trial court, but presumably they did.

 █ Nonjoinder was not waived by appellant by failing to plead the same in the trial court. 67 C.J.S., Parties, § 126, p. 1132, states that generally failure to properly object to nonjoinder of parties constitutes a waiver of the objection. "However, in the case of necessary and indispensable parties without whose presence the court can not proceed, the failure to raise an objection to their absence . . . is not a waiver of the right to make such objection. . . ."

5 Am. Jur. 2d, Appeal and Error, § 588, states: "The objection that there was a defeat or misjoinder of parties cannot ordinarily be raised for the first time on appeal or writ of error. However, an objection based on the nonjoinder of indispensable or necessary parties may

ordinarily be raised for the first time in the appellate court, although it has been recognized that even such an objection may be considered waived where not raised below, as where the complaining party is himself responsible for such defect, or where the interests of the necessary party have, with his acquiescence, been represented by another.'' Vecki v. Sorensen, 127 Cal. App. 2d 407, 273 P. 2d 908, later app. 171 Cal. App. 2d 390, 340 P. 2d 1020; Silver v. Babitzky, 228 App. Div. 591, 240 N.Y.S. 468; Miller v. Davis, 136 Tex. 299, 150 S.W. 2d 973, 136 A.L.R. 177; McCoy v. May, 255 Wis. 20, 38 N.W. 2d 15; Sullivan v. Albuquerque Nat. Trust & Sav. Bank, 51 N.M. 456, 188 P. 2d 169.

4 C.J.S., Appeal and Error, § 264(b), pp. 796-797, states that, although it has been said that nonjoinder of necessary parties may not be urged for the first time on appeal, nevertheless, "if the defect is a want of an indispensable party so that a question of jurisdiction is involved, it may be considered for the first time on appeal.''

Appellant was the proponent of the will, and it is true that she did not raise the question of nonjoinder of the other two devisees and legatees in testator's will. In many types of cases this might constitute a waiver of nonjoinder of necessary parties. However, in the instant case the statute itself requires and makes indispensable, as necessary parties, all persons interested in the will. Certainly two of the three devisees and legatees in the will are necessary parties to such an action.

Moreover, it was the legislature's purpose to provide for only one contest of a will. A will can not be partly valid and partly invalid for want of testamentary capacity. Yet if we affirmed the decree as to Josie Moore, it would still not be valid as to the other two devisees and legatees in the will, who were not joined in the suit. They would not be bound by the decree. If a subsequent contest between appellees and them resulted in a finding

that the will was valid as to them, the impossible situation would exist of a will partly valid and partly invalid. The legislature manifestly had this in mind in requiring all persons interested to be parties to a will contest, for once and for all, for a final determination in one lawsuit as to the validity of the will.

The manifest significance of the legislative intent to this effect, the express provisions of the statute, and the uniform course of decision in this state applying this particular statute to this particular issue, overweighs any conflicting considerations which might justify application of the doctrine of waiver by failure to raise in the trial court nonjoinder of necessary parties.

Since the case is being reversed and remanded for a new trial, with all necessary parties before the court, we do not discuss or pass on the facts, except to say that the testimony made an issue of fact on testamentary capacity.

Reversed and remanded.

*McGehee, C. J., and Ethridge, Jones and Brady, JJ.,* concur.