585 So.2d 1275 (1991)
ESTATE OF Claude W. SCHNEIDER, Deceased.
Charles Schneider
v.
Drury D. SCHNEIDER, Executrix.
No. 90-CA-0252.
Supreme Court of Mississippi.
September 11, 1991.
James G. Tucker, III, Clement S. Benvenutti, Bay St. Louis, for appellant.
Jess H. Dickinson, Dickinson & Associates, Gulfport, for appellee.
En Banc.
HAWKINS, Presiding Justice, for the Court:
Charles Schneider appeals from the dismissal of his petition to contest the will of Claude W. Schneider because of his failure to make any attempt to join known interested parties within two years from date of probate of the will in common form. Finding that the Mississippi Rules of Civil Procedure (MRCP) have superseded the Court decisions upon which the chancellor based his dismissal, we reverse.

FACTS
Claude W. Schneider, a resident citizen of the First Judicial District of Harrison County, died September 21, 1986.
*1276 His widow, Drury D. Schneider, filed for probate in common form a will executed by him on August 12, 1985, in which he bequeathed $50,000 each to his three children from a previous marriage, namely: Mary Ellen, Margaret and Charles Schneider, and $10,000 to Thomas McKay, a long-time employee of his company. The remainder of Schneider's property was devised to his widow Drury. On the same date of the filing, October 3, 1986, an order was entered admitting the will to probate in common form.
On January 8, 1987, Charles filed a "Complaint to Contest Will," alleging lack of testamentary capacity, or "alternatively," the will resulted from the undue influence of Drury. Paragraph II and III of the complaint read:
II.
Other interested parties are all named beneficiaries in a purported will of the deceased, Claude W. Schneider, said will having been admitted to probate in the above-styled cause on October 3, 1986; the names of these interested parties are as follows:
A. Drury D. Schneider, the widow of the deceased and the Executrix of his estate.
B. Mary Ellen Schneider, a daughter of the deceased.
C. Margaret Schneider, a daughter of the deceased.
D. Thomas McKay, a former employee of the deceased.
III.
All the aforementioned parties are over twenty-one years of age.
The complaint also alleged there was a prior will. The concluding paragraph of the complaint begins as follows:
WHEREFORE, premises considered the plaintiff prays that this Complaint be received and filed, and that all the aforementioned interested parties be served with process, ...
On February 9, 1987, Drury answered, raising four defenses. The second defense reads:
SECOND DEFENSE
There is a nonjoinder of the three necessary parties identified along with Schneider in paragraph II of the Complaint to Contest Will. While said paragraph II identifies said three persons as "other interested parties," Charles Schneider, plaintiff in said Complaint has done nothing to obtain service of process upon said three interested parties and thus they are not yet parties thereto.
There were interrogatories, requests for admissions, and other discovery filed and answered, during which it was revealed that Claude Schneider had executed a previous will October 7, 1977, and a codicil dated November 15, 1983. This 1977 will contained the following bequests:
To Claire and Suzanne, daughters of my deceased wife, Lucille Broussard Schneider, any and all furniture, silverware, china ware, and other personal property formerly belonging to my said deceased wife remaining in my home at 1034 West Beach, Pass Christian, Mississippi, to be divided between them in equal shares.
These two ladies were stepdaughters of the testator's, and no attempt was ever made to either issue process upon them or to make them parties to the contest.
On January 3, 1989, the date set of hearing before a jury, Drury filed a motion to dismiss the complaint for failure to join the stepdaughters as parties. The chancellor continued the cause and, after argument and submission of briefs, on February 9, 1990, entered an order dismissing the complaint. The opinion notes that the deposition of Suzanne Dennery Van Dijl, the "Suzanne" named in the 1977 will, given October 6, 1988, showed no one as of that date had attempted to make her or her sister a party of the will contest. The opinion further noted that even following the filing of the motion, there had been no subsequent effort to make either of these ladies a party. Basing his decision on Moore v. *1277 Jackson, 247 Miss. 854, 157 So.2d 785 (1963), and In re Estate of Stanback, 222 So.2d 660 (Miss. 1969), the chancellor held that because Charles had made no good faith effort to join them as parties within two years from the date the will was admitted to probate, the suit was time barred. He dismissed the complaint.
Charles has appealed.

LAW
Two code sections are applicable:
§ 91-7-23. Validity contest in two years.
Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered.
§ 91-7-25. Necessary parties to contest.
In any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties.
The two stepdaughters were necessary parties. See Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570 (1924), where this Court held that several legatees of modest sums of money under a prior will were "interested" parties under the statute.
The chancellor correctly applied two previous decisions of this Court in dismissing the complaint, Moore v. Jackson and In re Estate of Stanback. In Moore this Court held that a chancery court did not have the authority to hear a will contest until "all persons interested" were made parties. Then, In re Estate of Stanback held that the mere filing of a bill of complaint did not toll a limitation statute in the absence of furnishing the clerk with sufficient information to enable him to issue process upon interested parties.
The Mississippi Rules of Civil Procedure, however, supersede all previous court decisions as well as all statutes on procedure to the contrary. That all code sections on civil procedure give way to these Rules is made clear by Chapter 573, Laws 1991 in which the Legislature amended all procedural statutes not in accord with the Rules, and repealed those statutes in conflict with them.[1]
The question then is whether the MRCP change the holding of Moore that a chancery court in a will contest has no authority to proceed in the absence of necessary parties, and Stanback's holding that the filing of a complaint in and of itself may not toll the statute of limitations.
As noted, the two stepdaughters were "persons interested" in the will contest and therefore necessary parties. Their treatment as necessary parties, however, must be governed by Rules 19 and 21, MRCP, and comments thereunder. In this case, the chancery court should by order make them parties and process issue accordingly. Moore remains good law insofar as it holds trial proceedings must be held in abeyance until all necessary parties are joined in a suit contesting a will. Rules 19, 21, and comments.
Rule 3 MRCP provides that a suit is commenced by filing of the complaint with the court. Rule 4 MRCP requires the clerk to issue a summons and sets out the procedure therefor. Stanback has been superseded by these Rules and is accordingly overruled.
*1278 REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
DAN M. LEE, P.J., dissents without written opinion.
McRAE, J., not participating according to Supreme Court Internal Rules.
NOTES
[1] Rule 81 MRCP states that "statutory procedures specifically provided for" in will contest cases "shall remain in effect and shall control to the extent they may be in conflict with these rules." Our decision today is not in conflict with any procedural statute under Title 91 of the Mississippi Code of 1972.