BANKS, Justice,
for the Court:
■ Ms. Mary Garrett (Mary), sole devisee and legatee named in the original will of Mrs. Beatrice Jones, deceased, appeals from denial of her Miss.R.Civ.P. 60(b)(4) motion challenging the validity of the chancellor’s order establishing and admitting to probate a codicil to the will which added Mr. Jasper Bohannon and Ms. Augusta Hulley as beneficiaries of decedent’s estate. The challenged order was rendered absent joinder of other interested parties contrary to the provisions of Miss.Code Ann. § 91-7-25 (1972). Because joinder of all interested parties is jurisdictional, we reverse and remand.
I.
Mrs. Beatrice B. Jones (Beatrice), resident of Kemper County, by her Last Will and Testament bequeathed and devised all her property to her niece Mary B. Garrett (Mary), who was named as executrix of the document.
On August 13, 1990, Mary filed her petition to probate Beatrice's will in the Chancery Court of Kemper County. The will was admitted to probate in common form and Letters Testamentary issued to Mary as executrix of the estate.
On October 22, 1990, Ms. Augusta Hul-ley (Augusta) and Mr. Jasper Bohannon (Jasper), niece and nephew of decedent, filed their petition alleging: (1) that Beatrice revoked her will during her life; (2) and that, alternatively, Beatrice executed a codicil to the will. Probate of the latter document was requested. Attached to the petition was a copy of a holographic document written by Beatrice while in the hospital shortly before she expired.
Upon hearing the Hulley/Bohannon petition, the court rendered its opinion which stated, inter alia:
[T]he court finds the document to be a valid codicil. With the existence of the codicil Jasper Bohannon and Augusta Hulley become beneficiaries under the will along with Mary B. Garrett and the three of them will share the estate equally-
The opinion was incorporated into a judgment of the court rendered February 8, 1991.
On May 31, 1991, Mary, acting through her attorney, filed her motion pursuant to Rule 60(b), Miss.R.Civ.P. to set aside the court’s judgment establishing and admitting the codicil to probate. Mary’s motion alleged, inter alia, that the court’s judgment was void; that process pursuant to Miss.Code Ann. § 91-7-25 (1972) was not issued for all possible intestate heirs of the decedent, and the court therefore lacked jurisdiction to enter the order. Augusta and Jasper answered denying the material allegations of the motion.
Undisputed trial testimony established that Beatrice had no children during her lifetime and her parents predeceased her. Jasper’s deceased father, a full brother of Beatrice, had five children, one of whom was living in Milwaukee. Another full brother of Beatrice, Willie Bohannon, pre *937 deceased her leaving children who lived in DeKalb.
The chancellor rendered judgment denying Mary’s motion.
Aggrieved, Mary appeals, contending the chancellor erred in overruling and denying her Rule 60(b)(4) motion. She argues that the judgment rendered in the codicil contest was void because it violated Miss.Code Ann. § 91-7-25 (1972) requiring joinder of all interested parties.
II.
Mississippi law makes no distinction in the requirements for making, executing, publishing, and declaring wills and codicils. Codicils and wills are subject to the same procedural statutes and rules of civil procedure. Miss.Code Ann. § 1-3-59 (1972) provides “the term ‘will’ when used in any statute shall include codicils.”
Miss.Code Ann. § 91-7-25 (1972) provides:
In any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties.
We have consistently held that the statutory mandate is jurisdictional and the court has no power to proceed with the contest until all interested parties are joined. Weems, Wills and Administration of Estates in Mississippi, § 8-4, p. 180 (1988) states:
[T]he Legislature has provided that all interested persons must be made parties to the will contest. This requirement is jurisdictional. The Court has no power to proceed with a will contest, if any of the interested parties are not before the court. If the court does proceed the decree is invalid. It does not bind anyone, including those who participated in the contest. Moreover, the right to appeal on the basis of nonjoinder is not waived by the failure to plead it in the trial court.
Interested parties are those whose direct, pecuniary interests will be either detrimentally or advantageously affected by the probate of the will. Included in this group would ordinarily be decedents’s heirs at law, beneficiaries under earlier wills, and beneficiaries under the will being contested, (emphasis added)
It is clear that interested parties indispensable to the codicil contest were not joined. See Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570 (1924).
One of the primary purposes of the statute is the fervent desire to avoid multiple litigation, and the court’s interest in consistent, efficient and final settlement of controversies. In Moore v. Jackson, 247 Miss. 854, 860, 157 So.2d 785, 787 (1963), we stated:
The court can not properly entertain a contest of the will without having before it all the parties interested in such contest. It was error to proceed without having them before the court. “There ought to be only one contest of the will, and, if the parties are not before the court when the will is being contested, of course their rights could not be affected by such contest.” This Court has consistently followed that interpretation in other cases. Dorsey v. Sullivan, 199 Miss. 602, 24 So.2d 852 (1946); Payne v. Payne, 208 Miss. 263, 44 So.2d 400 (1950).
[[Image here]]
[Sjuch parties were necessary, indispensable parties to the contest of the will. The court was without power to proceed without them.
To grant validity and credence to the court’s action in proceeding with the codicil contest without joinder of all interested parties would undermine the legislative mandate of Miss.Code Ann. § 91-7-25.
In Estate of Schneider, 585 So.2d 1275, 1277 (Miss.1991), we had the occasion to reflect on Moore and stated:
In Moore this Court held that a chancery court did not have the authority to hear a will contest until “all persons interested” were made parties.
* * sjc * * *
*938 Moore remains good law insofar as it holds trial proceedings must be held in abeyance until all necessary parties are joined in a suit contesting a will.
The petition for revocation or alternatively to establish and probate the codicil was sufficient to invoke the provisions of Miss. Code Ann. § 91-7-25 (1972). The proceedings should have been held in abeyance until all necessary parties were joined.
Under Miss.R.Civ.P. 60(b)(4) our courts have the power to grant relief from a void judgment. A void judgment must be set aside. See Sartain v. White, 588 So.2d 204, 211 (Miss.1991); Overbey v. Murray, 569 So.2d 303, 306 (Miss.1990); Bryant, Inc. v. Walters, 493 So.2d 933, 937 (Miss.1986). Further, an order denying a 60(b) motion is a final order and appealable as such. 7 Moore’s Federal Practice, par. 60.30(3), p. 60-343 (2nd ed.1992).
The judgment rendered by the chancellor admitting the codicil to probate absent joinder of all interested parties is void. His judgment denying Mary’s 60(b)(4) motion is reversed and the cause is remanded for joinder of all interested parties pursuant to the statutory mandate. All proceedings in the trial court are stayed pending joinder of necessary parties and conclusion of the codicil contest.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. -
HAWKINS, C.J., and DAN M. LEE and PRATHER, P.JJ., SULLIVAN, PITTMAN, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.