# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CT-00009-SCT

*JEWELL S. BROWN*

*v.*

*WINN-DIXIE MONTGOMERY, INC.*

## <u>ON PETITION FOR WRIT OF CERTIORARI</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 12/23/93 |
| TRIAL JUDGE: | HON. LARRY E. ROBERTS |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES W. WRIGHT |
| ATTORNEYS FOR APPELLEE: | JOHN G. COMPTON |
| | ROBERT H. COMPTON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 2/22/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/14/96 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This Court granted a petition for writ of certiorari filed by Jewell S. Brown after the Court of Appeals affirmed the decision of the Lauderdale County Circuit Court. The lower court had granted Winn-Dixie Montgomery, Inc. a summary judgment holding that Brown's amended complaint was time barred and did not relate back to the date of the originally filed complaint. We now reverse and remand the case for a trial on the merits.

¶2. Jewell Brown was injured while shopping in a Winn-Dixie grocery store in Meridian, Mississippi. She filed suit against Winn-Dixie Louisiana, Inc. on the last day allowed under the applicable statute of limitations. She later discovered that the corporate entity should have been Winn-Dixie Montgomery, Inc., and amended her complaint eight weeks after the initial filing to reflect the proper corporate entity. The lower court granted Winn-Dixie Montgomery, Inc. a summary judgment finding that the amended complaint was time barred.

¶3. The Court of Appeals affirmed the decision of the lower court on June 27, 1995, with four of the ten judges dissenting. Brown's petition for rehearing was denied by the Court of Appeals by order entered on

August 15, 1995. This Court granted the Petition for Writ of Certiorari by order entered on September 28, 1995.

¶4. Brown gives the following as her issues on petition for writ of certiorari:

1. Whether the Court of Appeals decision is in conflict with a prior Mississippi Supreme Court decision, with other controlling case law in this jurisdiction, and with the Mississippi Rules of Civil Procedure?

2. Whether the Court of Appeals erred when it held that Appellee, Winn-Dixie Montgomery, Inc. did not receive proper notice of this lawsuit?

## Statement of the Case

¶5. Brown filed her complaint on June 16, 1993, the last day for filing under the statute of limitations, against Winn-Dixie Louisiana, Inc. for injuries she received in a Winn-Dixie grocery store in Meridian, Mississippi, on June 16, 1990. While shopping at the store, Brown went to the soft drink display to pick up a package of soft drinks, and as she bent over to pick up a package, was injured in her right eye by a "J-shaped" hook on the display. Brown reported the incident to a cashier, who in turn told the location manager. A claims adjustor for Crawford and Company investigated the incident for Winn-Dixie and contacted Brown.

¶6. Brown's attorney contacted the Mississippi Secretary of State's Office concerning the appropriate legal entity for the Meridian Winn-Dixie. Brown's attorney contends that he was given the wrong information about the Winn-Dixie Corporation in Mississippi. He was first told that there was only one Winn-Dixie Corporation licensed to do business in Mississippi, namely Winn-Dixie Louisiana, Inc., when in fact there are two, Winn-Dixie Louisiana, Inc. and Winn-Dixie Montgomery, Inc. Winn-Dixie Montgomery, Inc. operates the Meridian store where Brown was injured.

¶7. Soon after the complaint was filed, Winn-Dixie Louisiana, Inc. filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. On August 16, 1993, the circuit court entered an order dismissing Winn-Dixie Louisiana, Inc. without prejudice and allowed Brown to substitute Winn-Dixie Montgomery, Inc. in place of Winn-Dixie Louisiana, Inc.

¶8. An amended complaint was filed on August 17, 1993, and process was served on Winn-Dixie Montgomery, Inc.'s agent for service of process on August 19, 1993. Both Winn-Dixie Louisiana, Inc. and Winn-Dixie Montgomery, Inc. were represented by the same attorneys.

¶9. A Motion to Dismiss or in the Alternative for Summary Judgment on the grounds that the statute of limitations barred the claims was filed on November 29, 1993. A hearing was conducted on December 20, 1993, and the court entered a judgment granting the motion on December 23, 1993, finding that the statute of limitations had run as to Brown's claim against Winn-Dixie Montgomery, Inc. when it had not been sued or served with process by June 16, 1993. The court held that the amendment to the complaint did not relate back to the original complaint under M.R.C.P. 15(c).

¶10. On petition for writ of certiorari, Brown argued that the Appellee received timely notice of her claims. She contended that the Court of Appeals, in relying on the factors of *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), failed to consider that the fourth factor, which requires service of

the complaint within the applicable period of limitations, has since been effectively overruled by a change in the federal rules.

¶11. Brown's argument is that M.R.C.P. 4(h) should be the controlling factor in determining whether the Appellee has received timely notice of the claim. Rule 4(h) provides that service is timely if made within 120 days from the filing of the complaint.

¶12. Brown cites *Estate of Schneider,* 585 So.2d 1275, 1276 (Miss.1993), and *Erby v. Cox,* 654 So.2d 503 (Miss.1995), as examples of decisions of this Court which are in conflict with the decision of the Court of Appeals. These cases provide that a timely filed complaint tolls the statute of limitations, and that the 120-day period to obtain service of process applies even when the complaint is filed on the last day of the period of limitations.

## Discussion

¶13. Miss.Code Ann. § 15-1-49 provides for a three-year period of limitations in personal injury claims. It states, in part:

> (1) All actions for which no other period of limitations is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

¶14. M.R.C.P. 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for the commencing the action against him, the party to be brought in by amendment:
>
> (1) has received notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

¶15. In *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) the United States Supreme Court set forth its analysis of the application of Federal Rule 15(c), which was identical to the present Mississippi Rule at the time, and stated:

> [R]elation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning the identity, the action would have been brought against it; and (4) the second and third requirements must be fulfilled within the prescribed limitations period.

477 U.S. at 29, 106 S.Ct. at 2384.

¶16. The Court of Appeals relied on this fourth factor to find that not only must the complaint be filed within the three year period of limitation, but also that any amendment changing a party in the complaint must be made within the same period of limitations.

¶17. The Court of Appeals noted that Federal Rule 15(c), as interpreted in *Schiavone,* has been amended to extend the statute of limitations applicable to a new party for up to 120 days if the new party received notice of the litigation prior to the expiration of the 120-day period for service of process. The original complaint must still be filed within the limitations period. The Mississippi version of Rule 15(c) has not been changed and remains the same as at the time of *Schiavone.* The Court of Appeals dissent argues that the amendment to Rule 15 adopted by the United States Supreme Court effective December 1, 1991, changed or overruled the holding in *Schiavone.*

¶18. The Supreme Court and Congress did amend the Rule "to change the result in *Schiavone v. Fortune* ... with respect to the problem of a misnamed defendant.... On the basis of the text of the former rule, the Court reached a result ... that was inconsistent with the liberal pleading practices secured by Rule 8." Fed.R.Civ.P. 15 Advisory Committee note (1991 amendment). Rule 15(c) was amended to provide that

> an amendment of a pleading relates back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted if [the basic claim arose out of the conduct set forth in the original pleading] and, within the period provided by Rule 4(j) for service of summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

"The only significant difference between the *Schiavone* rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown." *Skoczylas v. Federal Bureau of Prisons,* 961 F.2d 543, 545 (5th Cir.1992).

¶19. Prior to the decision in *Schiavone,* several circuits, including the Fifth Circuit, interpreted the limitations period in Rule 15(c) as including the extra "reasonable period" for service of process, as provided for in Rule 4. *See, e.g., Barkins v. International Inns, Inc.,* 825 F.2d 905, 907 (5th Cir.1987); *Kirk v. Cronvich,* 629 F.2d 404, 407 (5th Cir.1980); *Ingram v. Kumar,* 585 F.2d 566, 571-72 (2d Cir.1978) ("the period within which the party to be brought in must receive notice of the action includes the reasonable time allowed under the federal rules for service of process").

¶20. The rule in *Schiavone* was widely criticized as too restrictive and a misreading of Rule 15(c). *See* Joseph P. Bauer, *Schiavone: An Un-Fortune-ate Illustration of the Supreme Court's Role as Interpreter of the Federal Rules of Civil Procedure,* 63 Notre Dame L.Rev. *720* (1988); Robert D. Brussack, *Outrageous Fortune: The Case for Amending Rule 15(c) Again,* 61 S.Cal. L. Rev. 671 (1988); Joseph Dornfried, *Schiavone v. Fortune: Notice Becomes a Threshold Requirement for Relation Back under Federal Rule 15(c),* 65 N.C.L.Rev. 598 (1987), as cited in *Franklin v. Winn Dixie Raleigh, Inc.,* 450 S.E.2d 24, 33 (N.C.App.1994) (Wynn, J., dissenting).

¶21. Since the United States Supreme Court and Congress have abandoned *Schiavone,* it seems illogical for Mississippi courts to adopt this harsh and unnecessary interpretation of Rule 15. In *Hughes v. Water World Water Slide, Inc.,* 442 S.E.2d 584, 586 (S.C.1994), the South Carolina Supreme Court stated:

> Although South Carolina has not adopted the 1991 amendment to Fed.R.Civ.P. 15(c) we read the original Rule 15(c), SCRCP consistent with the committee notes to amended Fed.R.Civ.P. 15(c). Thus, the result in *Schiavone* is inconsistent with our rules. We, therefore, decline to follow *Schiavone.*

> Rule 8(f), SCRCP, requires that "all pleadings shall be construed to so substantial justice to all parties." We agree with the committee note on amended Fed.R.Civ.P. 15(c) that Rule 8(f), SCRCP, is applicable and that the rules should be liberally construed.

¶22. In recent cases, this Court, without specifically addressing this aspect of the rule, has indicated that it would follow the less literal interpretation of the rule.

¶23. In *Estate of Schneider,* 585 So.2d 1275 (Miss.1993) this Court reversed and remanded a will contest case in which the chancery court had dismissed the action for failure to join necessary parties within the two-year period of admission of the challenged will to probate. This Court held that the filing of the complaint tolled the statute of limitations and that the court should have joined the parties and issued process accordingly.

¶24. In *Erby v. Cox,* 654 So.2d 503 (Miss.1995) this Court considered the question of whether the filing of a medical malpractice suit commenced the action and tolled the statute of limitations where service of process was within 120 days after the complaint was filed. This Court found that the filing did toll the statute, citing *Estate of Schneider,* and that service of process could be anytime within the 120-day period.

¶25. In *Womble v. Singing River Hospital,* 618 So.2d 1252 (Miss.1993), this Court looked at the application of Rule 15(c) in the context of a medical malpractice case in which certain doctors had originally been sued as "John Does." In concluding that summary judgment had been improper on the basis of the statute of limitations, this Court stated:

> On these facts the conclusion that, within the statutory period provided by law for commencing this action, Longmire and Weatherall had notice of this suit and knew or should have known of this suit and knew or should have known that but for a mistake concerning their identities, they would have been included in this suit when it was originally filed on March 28, 1993, is virtually compelled. It is also obvious beyond peradventure that they will not be prejudiced in maintaining a defense on the merits. The record shows that they were already preparing with retained counsel to defend themselves in this action on April 21, 1988. That date is approximately three weeks after the original complaint was filed. Therefore, we find that the provisions of Rule 15(c) have been satisfied by the facts of this case, and consequently, we rule that summary judgment was improperly entered for Doctor Weatherall and Dr. Longmire in the basis of the time bar.

618 So.2d at 1268.

¶26. Drs. Longmire and Weatherall were not added to the suit until approximately two years and eight months after the death of Helen Womble and "[u]nder any reasonable interpretation of the statute § 15-1-36's two-year period had passed before the joinder of Dr. Weatherall, Dr. Longmire, and Emergency

Room Group." *Id.* at 1266. Although the *Womble* case can be distinguished from the present case, it shows that this Court has not previously adopted the approach of *Schiavone* and instead has looked more to the element of whether the party defendant would be caught unaware by the amendment to the complaint.

¶27. In the present case, Winn-Dixie's insurance adjustor investigated the claim soon after the occurrence and the same attorneys represented both Winn-Dixie corporate entities. The decision rendered by the Court of Appeal is in clear conflict with these recent decisions of this Court. This Court and the Court of Appeals are not bound to blindly apply the observation or interpretation by the federal court, particularly in light of the subsequent changes made in Rule 15. Further, we find the reasoning in *Hughes v. Water World Water Slide, Inc.,* 442 S.E.2d at 586, to be more persuasive.

¶28. The holding in *Schiavone,* upon which the Court of Appeals solely relies as the basis for its opinion, is also not compelled by Rule 15 itself. Further, the Supreme Court has since changed its version of the Rule to change the result of its prior holding. This Court need not change its rule nor adopt the holding in *Schiavone.* As recognized by the majority opinion of the Court of Appeals, the result of adopting *Schiavone* seems harsh. The result is also unnecessary and conflicts with the decision this Court has rendered in *Erby v. Cox* and *Estate of Schneider.* We therefore reverse and remand this case for a trial on the merits, finding that the amended complaint was not time barred and that the amended complaint did relate back to the date of the originally filed complaint.

## Conclusion

¶29. The Court of Appeals incorrectly held that summary judgment was properly granted for failure of the plaintiff/appellant to amend the complaint to reflect the proper corporate name of the defendant within the time allowed by law. This case is reversed and remanded to the lower court where the case can be decided on the merits.

**¶30. REVERSED AND REMANDED.**

**DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.**