KING, P.J.,
for the Court:
¶ 1. Wayne and Shirley Crabb (the Crabbs) appeal the circuit court denial of their motion to strike the complaint of the Mississippi Farm Bureau Mutual Insurance Company (Farm Bureau). Aggrieved, the Crabbs assign two errors on appeal. This Court quotes those errors verbatim:
I. FARM BUREAU FILED A COMPLAINT FIVE YEARS AND NINE MONTHS AFTER THE CAUSE OF ACTION ACCRUED AND IS BARRED BY THE STATUTE OF LIMITATION.
II. FARM BUREAU REFUSED TO PURSUE ITS SUBROGATION RIGHTS FOR FIVE YEARS AND NINE MONTHS AFTER THE CAUSE OF ACTION ACCRUED AND WAS GUILTY OF LACHES AND IS ESTOPPED TO PURSUE THE CLAIM.
¶ 2. Finding no error, this Court affirms the circuit court judgment.
FACTS
¶ 3. Wayne and Shirley Crabb owned a house in Walnut, Mississippi. On November 27, 1989, the Crabbs purchased a Vanguard Propane Heating System which was installed in their house by the Rebel LP Gas Company. On November 28, 1989, one day after the system’s installation, the Crabbs’ house burned.
¶4. When purchasing the house, the Crabbs also purchased a homeowners insurance policy from Farm Bureau. This policy contained a subrogation clause. On December 26, 1989, Farm Bureau paid the Crabbs $66,000 to cover the fire loss.
¶ 5. The Crabbs later employed the Sanderson Law Firm in Tennessee to seek additional compensation for the fire loss. On June 15, 1992, Attorney James Sander-son filed a complaint on the Crabbs’ behalf alleging that Rebel Gas had negligently installed a heating system which caused their house to burn. On October 4, 1993, Attorney William Hatton of the Sanderson Law Firm filed a motion to join Farm Bureau as a necessary party plaintiff. On October 23, 1995, the trial court granted this motion.
¶ 6. In July of 1995, the Crabbs terminated their employment contract with the Sanderson Law Firm and hired Attorney Charles Wilbanks. On August 25, 1995, Attorney Scot Spragins, who represented Farm Bureau, filed a complaint against Rebel Gas. Subsequently, Attorney Wil-banks filed a motion to strike Farm Bureau’s complaint and an action for declaratory judgment in the Alcorn County Chancery • Court. The circuit court overruled the motion to strike, and the Crabbs now appeal the circuit court’s denial of the motion.[1]
ISSUES
I. FARM BUREAU FILED A COMPLAINT FIVE YEARS AND NINE MONTHS AFTER THE CAUSE OF ACTION ACCRUED AND IS BARRED BY THE STATUTE OF LIMITATION.
¶ 7. The Crabbs contend that Farm Bureau’s complaint was filed five years and nine months after the cause of action ac *606 crued and was therefore barred by the statute of limitations.

Law

¶ 8. “A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If he has not been so joined, the court shall order that he be made a party.”
M.R.C.P.19(a).

Analysis

¶ 9. On October 4, 1993, the Crabbs’ previous attorney, Attorney Hat-ton of the Sanderson Law Firm, filed a motion to join Farm Bureau as a party plaintiff. In pertinent part, the motion read as follows:
“Plaintiffs would show that at the time of the fire loss which is the subject matter of this lawsuit, the Plaintiffs’ home and contents were insured by Southern Farm Bureau Casuality Insurance Company. As a result of the Plaintiffs’ loss, Southern Farm Bureau Casuality Insurance Company paid to Plaintiffs’ their policy limits of $45,000 for loss of the dwelling and $10,000 for loss of the contents, plus some additional amounts for living expenses. As a result of these payments, Southern Farm Bureau Casuality Insurance Company has a subrogated interest in any judgment the Plaintiffs might receive against the Defendant herein, and are thus a proper and necessary party plaintiff pursuant to the Mississippi Rules of Civil Procedure.
Further, counsel for Plaintiffs has conferred with counsel for Defendant, and he does not have any objection to the entry of an Order granting this motion.”
¶ 10. The trial court granted the Crabbs’ motion to join Farm Bureau as a party plaintiff. Though Farm Bureau later filed a separate complaint, a separate complaint did not have to be filed. The previous joinder to the Crabbs’ complaint was sufficient to establish Farm Bureau as a party plaintiff. Because Farm Bureau had been joined as a party, and thereafter claimed a subrogation interest, -the three year statute of limitation was tolled on the date the Crabbs’ complaint was filed, Brown v. Winn Dixie Montgomery Inc., 669 So.2d 92, 94 (Miss.1996), rather than on the date of Farm Bureau’s complaint. This Court does not find that a violation of the three year statute of limitation occurred[2].
II. FARM BUREAU REFUSED TO PURSUE ITS SUBROGATION RIGHTS FOR FIVE YEARS AND NINE MONTHS AFTER THE CAUSE OF ACTION ACCRUED AND WAS GUILTY OF LACHES AND IS ESTOPPED TO PURSUE THE CLAIM.
¶ 11. The Crabbs contend that Farm Bureau’s actions amounted to an action of laches or an untimely assertion of their subrogation rights.
¶ 12. A motion to join Farm Bureau as a party to this matter was filed. Farm Bureau clearly had notice of this motion and expressed a subrogation interest. The record reveals that both Farm Bureau and the Sanderson Law Firm continued to maintain communication regarding Farm Bureau’s subrogation interest, and corresponded frequently by letter in this re *607 gard. Mr. Crabb also testified during a hearing on the motion to strike Farm Bureau’s complaint that he was informed by the Sanderson Law Firm of Farm Bureau’s right of subrogation. In light of this evidence, this Court does not find that Farm Bureau failed to timely assert its right of subrogation, and therefore, the trial court’s order which overruled the striking of Farm Bureau’s complaint was not in error.
¶ 13. This Court notes that the Crabbs contend that Farm Bureau has not contributed to the cost of attorney’s fees associated with the litigation of this matter against Rebel Gas. To determine the appropriate reimbursement of attorney’s fees paid between parties, this Court directs the trial court to review the subrogation clause in the Crabbs’ homeowners’ insurance policy. In the event attorney’s fees are not provided for in such clause, each party shall be reimbursed from the judgment the individual portion of attorney’s fees paid.
¶ 14. Finding no error, this Court affirms the circuit court judgment.
¶ 15. THE JUDGMENT OF THE AL-CORN COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
BRIDGES, COLEMAN, DIAZ, IRVING, AND LEE, JJ., CONCUR.
MeMILLIN, C.J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY SOUTHWICK, P.J., PAYNE AND THOMAS, JJ.

. On April 14, 1997, a trial was ultimately held in this matter. The jury found for the Crabbs and Farm Bureau, and assessed a verdict for damages in the amount of 90,000.

. The fire occurred on November 27, 1989. The Crabbs' complaint was filed on June 15, 1992, approximately five months before the expiration of the three year statute of limitation.