# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00718-COA

IN THE MATTER OF THE LAST WILL AND      APPELLANTS
TESTAMENT OF DOROTHY TRUE,
DECEASED: PATRICIA ANN TRUE SCHMIDT
AND MARY JUANITA TRUE HEGWOOD

v.

JAMES T. "JIM" TRUE      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/12/2016 |
| TRIAL JUDGE: | HON. VICKI B. DANIELS |
| COURT FROM WHICH APPEALED: | YALOBUSHA COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | DARRIN JAY WESTFAUL |
| ATTORNEY FOR APPELLEE: | KIRKLAND CALDWELL WILLINGHAM |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| TRIAL COURT DISPOSITION: | DENIED PETITION TO CONTEST WILL; GRANTED PETITION TO PROBATE WILL |
| DISPOSITION: | REVERSED AND REMANDED - 05/23/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE IRVING, P.J., FAIR AND WILSON, JJ.

WILSON, J., FOR THE COURT:

¶1. Patricia Ann Schmidt (Ann) and Mary Hegwood appeal from a judgment denying their petition to contest the will of their mother, Dorothy True. The record shows that necessary parties to the will contest were not joined. Mississippi Code Annotated section 91-7-25 (Rev. 2013) provides that all persons interested in a will contest must be joined as parties. Our Supreme Court has made clear that this requirement is both mandatory and jurisdictional and that any judgment entered in the absence of such parties is void and must

be set aside. Accordingly, we reverse and remand for joinder of all necessary parties and further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. Dorothy, a resident of Yalobusha County, passed away on February 18, 2014, at the age of 100. Dorothy's husband preceded her in death. Dorothy was survived by four children: daughters Ann, who lives in Virginia, and Mary, who lives in Florida, and sons John True of Batesville and James "Jim" True of Water Valley.

¶3. On September 24, 2014, Jim filed a petition to probate an eight-page holographic will signed by Dorothy. The will is notarized on one page and signed by two neighbors as witnesses on another page. It names John and Jim as executors. However, John passed away on August 24, 2014. According to the petition, John was survived by "one heir, namely his son Jody True." The will contains a no-contest clause, bequests of money and personal property, and instructions for Dorothy's funeral. Bequests were made to all four then-living children and to Jim's son, Jamie. John and Jim were "to have $20,000 each CDs for helping [Dorothy] when [she] couldn't do for [her]self." The pages of the document are numbered. However, it is unclear when the page numbers were added, and as the chancellor concluded, the numbers do not appear logical—i.e., the page numbered "1" does not seem to be the first page of the will, etc. Words have been scratched out and added in various places in the document.

¶4. On March 26, 2015, Ann and Mary filed a petition to contest and set aside the will.

2

They asserted that the document did not satisfy the requirements of a valid holographic or non-holographic will. Among other issues, the petition noted that Dorothy's signature was on the first page of the document as it was numbered and filed, rather than at the end of the last page. The petition also stated that Dorothy was predeceased by another daughter, Frances Davis, who had two living daughters.

¶5. On April 12, 2016, a hearing was held on the petition to contest the will. Ann and Mary testified and acknowledged that most of the will was in their mother's handwriting; however, they expressed doubt as to certain words that were added where other words were scratched out. Ann also testified that she did not believe that the document's page numbers were in her mother's handwriting. Jim testified that his mother told him that her will was in her safe deposit box at the bank, and he found it there when she died. The two witnesses to the will—Carl and Minnie Mae Vick—testified that in 2006 they went to Dorothy's house and witnessed the will at her request. Jim was also present. Dorothy stated that the will was consistent with her wishes, and then they signed it. Carl and Minnie Mae could not recall whether the document had page numbers when they signed it. They testified that they believed that the document was in Dorothy's handwriting.

¶6. At the conclusion of the hearing, the chancellor ruled that the document was a valid holographic will. The chancellor found that the page numbers on the will were added by someone else after the fact and did not accurately reflect the true order of the pages. The chancellor ruled that the addition of page numbers by another person did not invalidate the

3

will, and she re-ordered the pages in what she found to be their most logical order. As re-ordered, Dorothy's signature appeared on the final page of the will, with no material provisions after it.[1] The chancellor therefore denied Ann's and Mary's petition to contest the will. Ann and Mary filed a timely notice of appeal.

## DISCUSSION

¶7. On appeal, Ann and Mary argue that the chancery court lacked jurisdiction because necessary parties were not joined. Unfortunately, we must agree. Section 91-7-25 of the Mississippi Code Annotated provides that "[i]n any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties." Our Supreme Court has made clear that this requirement is both mandatory *and jurisdictional*:

> We have consistently held that the statutory mandate is jurisdictional and the court has no power to proceed with the contest until all interested parties are joined. [Robert A.] Weems, *Wills and Administration of Estates in Mississippi*, § 8–4, p. 180 (1988) states:
>
> > [T]he Legislature has provided that all interested persons must be made parties to the will contest. *This requirement is jurisdictional. The Court has no power to proceed with a will contest, if any of the interested parties are not before the court. If the court does proceed the decree is invalid. It does not bind anyone, including those who participated in the contest. Moreover, the right to appeal on the basis of nonjoinder is not waived by the failure to plead it in the trial court.*
> >
> > Interested parties are those whose direct, pecuniary interests will be either detrimentally or advantageously affected by the

_____

[1] Under Mississippi law, in the case of a holographic will, "[n]othing can be effective which appears after and beneath [the testator's] signature." *In re George's Estate*, 208 Miss. 734, 749, 45 So. 2d 571, 572 (1950).

4

probate of the will. *Included in this group would ordinarily be a decedent's heirs at law*, beneficiaries under earlier wills, and beneficiaries under the will being contested. (emphasis added)

. . . .

One of the primary purposes of the statute is the fervent desire to avoid multiple litigation, and the court's interest in consistent, efficient and final settlement of controversies. In *Moore v. Jackson*, 247 Miss. 854, 860, 157 So. 2d 785, 787 (1963), we stated:

> The court cannot properly entertain a contest of the will without having before it all the parties interested in such contest. It was error to proceed without having them before the court. "There ought to be only one contest of the will, and, if the parties are not before the court when the will is being contested, of course their rights could not be affected by such contest." This Court has consistently followed that interpretation in other cases.
>
> . . . .
>
> [S]uch parties were necessary, indispensable parties to the contest of the will. The court was without power to proceed without them.
>
> To grant validity and credence to [a] court's action in proceeding with [a will] contest without joinder of all interested parties would undermine the legislative mandate of [section] 91-7-25.

In *Estate of Schneider*, 585 So. 2d 1275, 1277 (Miss. 1991), we had the occasion to reflect on *Moore* and stated:

> In *Moore* this Court held that a chancery court did not have the authority to hear a will contest until "all persons interested" were made parties.
>
> . . . .
>
> *Moore* remains good law insofar as it holds trial proceedings must be held in abeyance until all necessary parties are joined in

5

a suit contesting a will.

*Garrett v. Bohannon*, 621 So. 2d 935, 937-38 (Miss. 1993) (internal citations omitted). The Court held that a judgment entered in a will contest "absent joinder of all necessary parties is void" and "must be set aside." *Id.* at 938. In both *Garrett* and *Moore*, *supra*, the Supreme Court made it absolutely clear that although a failure to join a necessary party may be waived in some types of cases, it cannot be waived in a will contest; it may be raised for the first time on appeal, even by a party who participated below and failed to join the missing parties. *See id.* at 937-38; *Moore*, 247 Miss. at 787-88; 157 So. 2d at 861-63.

¶8.     Returning to the present case, it is evident that we must reverse and set aside the judgment below because all necessary parties were not joined. John's estate and Jamie are entitled to inherit under the contested will but were not joined. John's estate and Frances's two daughters were entitled to inherit under the law of intestate succession but were not joined. All were interested parties within the meaning of section 91-7-25 and Supreme Court precedent.

¶9.     On appeal, Jim argues that his sisters waived this issue, that the missing parties' interests were adequately represented, and that their joinder would not have made the slightest difference.[2] We are sympathetic to these arguments. However, our Supreme Court

_____

[2] Jim's appellate brief also states that "the attorney representing John's estate notified both parties and their attorneys that John's estate did not wish to participate in the contest proceeding(s)." There is no record citation for this statement, and we are unable to find any support for it in the record. In any event, the estate was a necessary party that should have been joined regardless of whether it intended to actively participate in the proceeding.

6

has held specifically and repeatedly that the statutory requirement cannot be waived because it is both mandatory *and jurisdictional*.  Its decisions do not reflect careless or imprecise use of the term "jurisdictional."[3]  Rather, the point has been made and reaffirmed with deliberation and clarity over the course of many years.  As such, any relaxation of or exception to this requirement must come from the Supreme Court or the Legislature.

¶10.    Accordingly, the judgment rendered by the chancellor absent joinder of all interested parties is void and must be set aside.  The case is remanded for joinder of all interested parties pursuant to the statutory mandate.  *Garrett*, 621 So. 2d at 938.

¶11.    **THE JUDGMENT OF THE YALOBUSHA COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.  IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 510 (2006) ("This Court, no less than other courts, has sometimes been profligate in its use of the term ['jurisdictional'].")