**Robert DUCK, Plaintiff,**

**v.**

**GRESHAM–MCPHERSON OIL COMPANY, Gresham Petroleum Company, Double Quick, Inc., W.W. Gresham, Jr., John W. McPherson, and Amoco Oil Co., Defendants.**

**No. CIV. A. 3:97CV444LN.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 19, 1998.

John Graham Holaday, Jackson, FL, for Plaintiff.

Jeffery P. Reynolds, John F. Perry, III, Heidelberg & Woodliff, Jackson, FL, for Defendants.

*MEMORANDUM OPINION
AND ORDER*

TOM S. LEE, Chief Judge.

Plaintiff, a Mississippi resident, filed a complaint in the Circuit Court of Humphreys

---

County, Mississippi on May 14, 1997, followed by an amended complaint filed the next day, against Amoco Oil Co., a nonresident, and several resident defendants, Gresham–McPherson Oil Company, Gresham Petroleum Company, Double Quick, Inc., W.W. Gresham, Jr. and John W. McPherson, seeking to recover damages based on various negligence and product-liability type claims relating to injuries plaintiff received in an accident which occurred three years earlier, on May 15, 1994. Defendant Amoco removed the case to this court on June 24, 1997, asserting in its notice of removal that plaintiff had fraudulently joined each of the resident defendants to defeat diversity jurisdiction. Plaintiff timely filed a motion to remand and has ultimately, in rebuttal to Amoco's response to his remand motion, moved to amend his complaint to add, or rather substitute, one resident defendant for another. The court, having now considered plaintiff's motions along with Amoco's response, concludes that plaintiff's motion to amend to add a nondiverse defendant should be granted with the result that the case, irrespective of the propriety of defendant's removal, should be remanded to state court. In light of that conclusion, the court finds it unnecessary to resolve the specific issues presented by plaintiff's motion to remand.

In his original and first amended complaints filed in state court, plaintiff alleged that on May 15, 1994, he and his boss, Mr. Bankhead, went to the Gresham–McPherson Oil Company in Belzoni, Mississippi to get some diesel fuel which they planned to use to burn a rubbish pile. According to plaintiff's complaint, an employee of Gresham–McPherson directed him and his boss to a tank which the employee said contained diesel fuel. The two men filled a five-gallon container with the contents of the tank. Thereafter, plaintiff poured the contents of the container onto a rubbish pile and threw a match onto the pile. The substance unexpectedly and violently exploded, engulfing the plaintiff in flames and severely burning him over a substantial portion of his body.

In his state court complaint and amended complaint, plaintiff alleged that the substance which exploded and caused his injuries was "manufactured, marketed, distributed, sold, processed, produced, supplied, mixed and delivered by defendants," against whom he asserted a number of claims, including claims of negligence, strict liability/ultrahazardous activity, breach of warranty, misrepresentation and products liability for their alleged involvement in and contribution to his accident and resulting injuries. In those original pleadings, plaintiff included as defendants Amoco along with five resident defendants, Gresham–McPherson Oil Company, Gresham Petroleum Company, Double Quick, Inc., W.W. Gresham, Jr. and John W. McPherson. It appears, however, that subsequent to his filing of the lawsuit, plaintiff's counsel had a conversation with counsel for the resident defendants, Alan Goodman, who informed plaintiff's counsel that another resident company, Gresham–McPherson Oil Company of Belzoni, was involved with the Gresham–McPherson operation in Belzoni. Mr. Goodman suggested that plaintiff's counsel should consider amending his complaint to add Gresham–McPherson Oil Company of Belzoni as a defendant. Plaintiff's counsel promptly communicated to Amoco's counsel the content of his conversation with Mr. Goodman; he indicated that he was considering adding Gresham–McPherson Oil Company of Belzoni as a defendant and discussed with Amoco's counsel whether Amoco would agree to plaintiff's filing an amended complaint. The following week, before plaintiff's counsel had made a determination as to whether joinder of Gresham–McPherson Oil Company of Belzoni was necessary or advisable, Amoco removed the case to this court, asserting in its notice of removal that plaintiff's counsel had advised Amoco's counsel that plaintiff's state court complaint "fail[ed] to name the proper Mississippi resident Defendant responsible for Plaintiff's damages."

In connection with plaintiff's motion to remand, plaintiff's counsel flatly denies that he ever told Amoco's attorneys that he had sued the wrong resident defendant(s) or that he had failed to sue the correct resident defendant or that he indicated in any way that he intended to dismiss any of the resident individuals or companies that he had originally named as defendants. In fact, he went further, and vigorously maintained that he had

indeed properly sued the originally-named resident defendants.[1]

In its response to plaintiff's motion to remand, Amoco produced the affidavits of a number of individuals, including W.W. Gresham, Jr. and John W. McPherson, who undertook to explain that Gresham–McPherson Oil Company and Gresham Petroleum Company had no connection with or relation to the property or operations at the Belzoni location where plaintiff and his boss procured the substance at issue in this litigation. They further explained that while the property in question was at all relevant times owned by defendants W.W. Gresham, Jr. and John W. McPherson, those defendants had leased the property to Gresham–McPherson Oil Company of Belzoni which, at all relevant times, had exclusive control over the premises and all operations conducted at the premises.

In his rebuttal to Amoco's response, which was filed after plaintiff was given the opportunity for discovery relative to the matters set forth in Amoco's response, i.e., relating to the ownership and control of the subject premises, plaintiff, though maintaining that he has alleged viable and proper claims against W.W. Gresham, Jr., John W. McPherson and Gresham Petroleum Company, acknowledges that he mistakenly filed suit against Gresham–McPherson Oil Company instead of the correct defendant, Gresham–McPherson Oil Company of Belzoni.

He asks, therefore, that he be allowed to amend his complaint to add, or rather substitute, the Gresham–McPherson Oil Company of Belzoni for Gresham–McPherson Oil Company. The court is of the opinion that this request is well taken.

In *Hensgens v. Deere & Company*, 833 F.2d 1179 (5th Cir.1987), the court, after cautioning that the district court should scrutinize an amendment naming a new nondiverse defendant in a removed case more closely than an ordinary amendment, identified a number of factors for the court to take into account when considering such a request, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 1182. In the court's opinion, consideration of these factors in light of the circumstances of this case compels the conclusion that the requested amendment should be allowed.

First, while insisting that the party proposed to be joined, Gresham–McPherson Oil Company of Belzoni, Inc. (Belzoni, Inc.), is the only resident entity which might have potential liability to plaintiff and agreeing that plaintiff only mistakenly filed suit against Gresham–McPherson Oil Company rather than Belzoni, Inc. in the first place, Amoco still argues that plaintiff is attempting

---

1. Plaintiff explained in his motion that he sued W.W. Gresham, Jr. and John W. McPherson, both Mississippi residents, because a search of the land records maintained by the Humphreys County Chancery Clerk revealed that they owned the land where the oil company from which plaintiff and his boss procured the substance in question was located. And he sued Gresham–McPherson Oil Company because "Gresham–McPherson Oil Company" appeared on a number of signs attached to the fencing around the oil company building in Belzoni as well as on a large tank of propane located on the property. And though both McPherson and Gresham have now furnished affidavits stating that they leased the property to Gresham–McPherson Oil Company of Belzoni, Inc., it appears that there is no documentation reflecting any such lease arrangement but rather the claimed lease agreement is said to be verbal.

Plaintiff did not explain the basis for his inclusion of Double Quick, Inc. as a defendant, but neither did he concede that this defendant was not a proper defendant. And plaintiff has pointed out that Gresham Petroleum Company actually purchased fuel products from Amoco and sold them to Gresham–McPherson Oil Company of Belzoni, Inc.

On the basis of these facts, it is apparent why plaintiff sued these defendants in the first place. And while the court does not undertake in this opinion to decide the specific issues raised by the motion to remand, the court will note that based on the record created by the parties, it could not easily conclude that plaintiff has no possibility of recovery at least as to his claims against Gresham Petroleum Company, and perhaps as to the individual defendants as well. However, the court, without further commentary, will leave the decision as to the viability of plaintiff's claims against those defendants for resolution by the state court.

to add Belzoni, Inc. solely to destroy diversity of citizenship and defeat this court's jurisdiction. That obviously is not the case. From the start of the case, plaintiff attempted to sue the company which owned and/or operated and controlled the business on the premises from which the substance at issue was obtained—and plaintiff thought he had successfully done so. Moreover, this is not a case in which the plaintiff, upon landing in federal court after removal, started fishing around for a local defendant to sue. The fact is, when he first filed suit, he sued a number of resident defendants which he reasonably believed had potential liability on the facts alleged in the complaint. And even before removal, he indicated to Amoco, the removing defendant, that he might need to add, or substitute, another resident defendant, Belzoni, Inc. Amoco's contention, then, that plaintiff's singular goal is the defeat of diversity jurisdiction is hardly reasonable.

Furthermore, the court does not agree with Amoco's assessment that plaintiff has been "quite dilatory" in asking for his amendment. It is true that plaintiff took such time as the court would allow him to investigate and assure that Belzoni, Inc. would be a proper party. But the parties were all aware, at least from the time of removal, and the court was promptly apprised, that plaintiff was and had been considering whether joinder of Belzoni, Inc. was in order. The fact that plaintiff did not specifically request to amend until after discovery does not detract from the timeliness of his motion.

Moreover, accepting arguendo Amoco's contention that the only potentially liable in-state party is Belzoni, Inc., which controlled the operations on the premises and whose employee allegedly misrepresented the nature of the substance at issue and thereby caused plaintiff's accident, it becomes manifest, as even Amoco would have to acknowledge, that plaintiff would be significantly in-

jured if the amendment is not allowed. In this vein, the fact that plaintiff, if not allowed to amend, would lose his ability to proceed against Belzoni, Inc. altogether due to the expiration of the limitations period, is undeniably a factor bearing on the equities of plaintiff's request to amend. If plaintiff were to attempt to file a new suit against Belzoni, Inc., it is almost a foregone conclusion that it would be dismissed on limitations grounds (unless there were a waiver of the defense, a highly unlikely eventuality). However, while plaintiff filed his suit on the last day of the three-year limitations period, Rule 15 of both the Federal and State Rules of Civil Procedure provides for the relation back of amendments in cases where the plaintiff has mistakenly sued the wrong defendant and the defendant sought to be brought in had notice of the suit within 120 days following the filing of the complaint. *See* Fed. R. Civ. Proc. 15(c)(3); Miss. R. Civ. Proc. 15(c)(2); *Brown v. Winn–Dixie Montgomery, Inc.*, 669 So.2d 92, 96–97 (Miss.1996). It does clearly appear here that plaintiff was merely mistaken concerning the identity of the party sought to be sued,[2] and obviously, the principals of Belzoni, Inc. (Gresham and McPherson) were aware of the suit well within the 120 days following plaintiff's filing of his complaint and amended complaint.

For the foregoing reasons, the court concludes that plaintiff should be allowed to amend his complaint to add Gresham–McPherson Oil Company of Belzoni, Inc. as a defendant, and that consequently, the case should be remanded to the Humphreys County Circuit Court and it is so ordered.

---

**2.** While Amoco asserts that plaintiff could or should have known that Gresham–McPherson Oil Company of Belzoni, Inc., and not Gresham–McPherson Oil Company, was the proper defendant, it has pointed to nothing to persuade the court that this is the case. The signs on the premises, according to plaintiff, referred only to "Gresham–McPherson Oil Company," and there

was no written lease or other documentation to show that the premises had been leased to or was controlled by Gresham–McPherson Oil Company of Belzoni, Inc. And while it may be true, as Amoco points out, that the two companies had different letterheads, there is nothing to indicate that plaintiff ever saw the letterhead from either company.