**Gladys COLE, Appellant,**

v.

**Janet THOMAS, Rick Thomas, and Paul Michael Carroll, a Minor, Appellees.**

Court of Appeals of Kentucky.

Aug. 28, 1987.

Eric G. Farris, Buckman & Farris, Shepherdsville, for appellant.

John A. Schmidt, David A. Pike, Pike Law Office, P.S.C., Shepherdsville, for appellees.

Before REYNOLDS, COMBS and WEST, JJ.

WEST, Judge.

Gladys Cole appeals from a judgment of the Bullitt Circuit Court which dismissed her petition for visitation with her great-grandson. The petition was brought pursuant to KRS 405.021 which permits a circuit court to grant reasonable visitation rights to the grandparents of a child if it determines that it is in the child's best interest to do so.

The trial court stated:

It is the opinion of this court that the statute presently limits the court to visitation between grandparent and grandchild. In the absence of specific statutory or appellate case authority, a trial court should not unilaterally extend the right to great grandparents.

The issue squarely before us is whether the term great-grandparent is included in the purview of the statute. We hold that it is not.

Visitation, set by a court, is a limitation on exclusive custody awarded to a party. *Phillips v. Horlander*, Ky., 535 S.W.2d 72 (1975). It is apparent, from reading the statutes dealing with the care and custody of children that the legislature has sought to limit the right of visitation to only those involved in a "jurisdictionally sound" custody proceeding when it is in the best interest of the child to do so, *Simpson v. Simpson*, Ky., 586 S.W.2d 33 (1979), and to a child's grandparents under KRS 405.021. It was only in 1984 that the legislature decided to extend the right of grandparents to petition for visitation when the parent or parents of the child are not deceased. Clearly, a review of these statutes represents the legislature's desire to leave for the most part the total custody, care and upbringing of a child in the hands of the custodial parent. In other words, the legislature determined that the parents are entitled to decide who their child shall visit and who they shall not. Only grandparents have been given the right, outside a custody proceeding, to request visitation.

This question has arisen in other jurisdictions as well, and has resulted in conflicting views. *See* 1 ALR 4th 1270, *Annot: Visitation—other than natural parents* (1980). Other courts have struggled, as we do now, to create some legal right to visitation in favor of various blood relatives and interested third parties. For the most part, however, those courts have determined that in the absence of some legislation providing for a grant of visitation "to any person having an interest in the welfare of the child;" the parent's prerogative of freedom of choice in matters of family life must be maintained. *Re M.*, 421 N.Y.S.2d 300, 101 Misc.2d 407 (1979); *LaPointe v. Menard*, La.App., 412 So.2d 223 (1982).

It is often stated in such opinions and it is worth including herein, that it is *hoped* that the custodian will see the wisdom in permitting the child to visit with those persons who have developed a close relationship with the child such as is alleged here.

We are not insensitive to the yearning of appellant and others similarly situated for the company of children in their family. However, we cannot justify creating a cause of action or legal right which the legislature has not found it necessary to enact.

Indeed, we have determined that our legislature has attempted to sharply limit those with the right to file such a petition

to four people, the child's four grandparents. KRS 405.021(1). The welfare of children is, of course, otherwise protected by legislation providing for emergency custody orders and dependency, neglect, or abuse petitions which can be filed by "any interested person." KRS 620.060; KRS 620.070.

To allow great-grandparents to be included within KRS 405.021(1) would open the door to aunts and uncles, cousins and great-great-grandparents. While we would not be adverse to allowing those persons "standing in loco parentis" or "any person having an interest in the welfare of the child" to file petitions such as this, we do not believe this was the intention of the legislature. A hearing to determine the best interest of the child in regard to visitation is only required in a "jurisdictionally viable custody action." *Simpson, supra,* at 36.

Therefore, while we agree that the more familial bonds a child has is generally better for the child, this court is not in a position to add words and meaning to a statute that is clear on its face. Accordingly, we must agree with the Bullitt Circuit Court that KRS 405.021 extends the right to petition for visitation only to grandparents and no others. The judgment is AFFIRMED.

All concur.