E.D., Appellant,

v.

COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES, Appellees.

No. 2004–CA–000335–MR.

Court of Appeals of Kentucky.

Nov. 19, 2004.

Albert W. Barber III, Owensboro, KY, for appellant.

Mona S. Womack, Frankfort, KY, for appellee.

Before COMBS, Chief Judge;
JOHNSON and MINTON, Judges.

## OPINION

MINTON, Judge.

E.D. (Appellant) is the mother of C.D., C.D. is the biological mother of the minor children, A.H. and D.D.; but her parental rights have been terminated. After the termination of C.D.'s parental rights, Appellant petitioned the McLean Circuit Court for grandparent visitation with A.H. and D.D. The circuit court dismissed her petition for failure to state a claim upon which relief may be granted.

On appeal, Appellant asserts that it was error for the circuit court to dismiss her petition for grandparent visitation without conducting an evidentiary hearing to determine whether visitation would be in the best interest of A.H. and D.D. We conclude that Appellant's statutory right to grandparent visitation under KRS[1] 405.021 was foreclosed upon the termination of her daughter's parental rights because Appellant had not previously been granted visitation by the circuit court. Thus, we affirm.

J.D., Jr. is the biological father of D.D. J.S. is the biological father of A.H. In early 2002, A.H. and D.D. were removed from the custody of J.D., Jr. and C.D. and placed in the custody of the Commonwealth of Kentucky, Cabinet for Health and Family Services, apparently in conjunction with dependency, neglect, and abuse proceedings in the McLean District Court.[2] In April or May of 2003,[3] the McLean Circuit Court involuntarily terminated the parental rights of C.D. and J.D. with respect to D.D. and the parental rights of C.D. and J.S. with respect to A.H.

On September 19, 2003, Appellant filed a petition in McLean Circuit Court for grandparent visitation with A.H. and D.D. under KRS 405.021. In support, Appellant asserts that the McLean District Court granted her visitation rights in an order entered October 2, 2002,[4] before the termination of C.D.'s parental rights. On October 27, 2003,[5] the Cabinet filed a motion to dismiss Appellant's petition for failure to state a claim upon which relief may be granted, citing CR[6] 12.02 of the Kentucky Rules of Civil Procedure (CR).

---

1. Kentucky Revised Statutes.

2. The Cabinet asserts that the juvenile division of the district court entered emergency protective custody orders placing A.H. and D.D. into the Cabinet's care following the March 27, 2002, death of D.D.'s twin sibling, J.D. According to the Cabinet, J.D. died from asphyxiation when a dresser fell on top of him while he and D.D., then twenty-one months old, were locked in a bedroom by J.D., Jr. and C.D. and left unsupervised for a period of hours. The Cabinet further asserts that C.D. and J.D., Jr. were each convicted of three counts of second-degree criminal abuse for the actions leading to J.D.'s death. As none of the district court records are included in the record of this appeal, we have no way of verifying the truth of these allegations.

3. Appellant asserts that the circuit court's order of termination of parental rights was entered on May 23, 2003, while the Cabinet asserts that it was entered on April 14, 2003. The exact termination date is not relevant to this Court's decision.

4. Throughout her brief, Appellant consistently miscites the date an order was signed by the court or the date a motion was signed by the moving attorney as the date the order was entered or the motion was filed. As these minor discrepancies in dates are not relevant, we will simply refer to the correct entry and filing dates as determined by the record.

5. The Cabinet also appears to have filed an identical motion on October 28, 2003.

6. Kentucky Rules of Civil Procedure.

The Cabinet asserts that Appellant lacks standing to seek visitation because any legal relationship that she had with the children was severed when the parental rights of her daughter, C.D., were terminated. The Cabinet further asserts that Appellant failed to preserve her visitation rights, as authorized by KRS 405.021, by not obtaining a circuit court order granting her visitation rights before the termination of parental rights.

On February 2, 2004, the circuit court addressed the Cabinet's motion to dismiss Appellant's petition for failure to state a claim. The circuit court heard no evidence on the merits of Appellant's motion, including whether her visitation was in the best interest of the children. Instead, the court indicated its intention to dismiss Appellant's petition on the grounds that the district court order upon which her claim to visitation rests is not sufficient under KRS 405.021 to preserve any grandparental visitation rights. Thus, any right to grandparent visitation was severed when Appellant's familial ties to the children were severed with the termination of C.D.'s parental rights. The circuit court entered an order dismissing Appellant's petition [7] on February 10, 2004. Appellant then filed a timely appeal [8] of the circuit court's decision.

As the Kentucky Supreme Court has stated, "the existence and extent of grandparents' rights is exclusively the prerogative of the legislature." [9] Before the enactment of the grandparents' visitation statute, KRS 405.021, in 1976, grandparents had no legal rights to visitation with their grandchildren in Kentucky. [10] Significantly, for our purposes, the statute was amended in 1996 [11] to provide a way for a grandparent to preserve visitation rights even if the parental rights of the son or daughter of the grandparent, the parent of the child at issue, are terminated. [12] The apparent purpose of this amendment was partially to abrogate the harsh rule established by the Kentucky Supreme Court in *Hicks v. Enlow* that the termination of parental rights also terminates any grandparents' visitation rights. [13] The court explained its reasoning as follows:

Termination of parental rights, as provided for by statute, whether voluntary or involuntary, once legally adjudicated severs all relationship of parent and child as if the same had never existed. The statutory reasons underlying the termination process relate to parental abandonment, neglect and abuse so substantial that the child must be legally cutoff [sic] from the parent. They justify a legal structure that provides finality and blocks every path to further litigation to reestablish a connection to parents whose rights have been terminated. Litigation by grandparents, by the family of such parents, would frustrate and circumvent the termination decree. The statutory language of severance required in the termination decree now expresses no exception, and none may

---

7. The circuit court's order does not recite the reason for the dismissal of Appellant's petition.

8. Because of the subject matter of this case, we have treated it as an expedited appeal.

9. *Hicks v. Enlow*, Ky., 764 S.W.2d 68, 71 (1989), *partially abrogated on other grounds by* Ky. Acts 1996, ch. 302, § 1; ch. 314, § 2, effective July 15, 1996.

10. *Id.* at 70.

11. Enacted Ky. Acts 1996, ch. 302, § 1; ch. 314, § 2, effective July 15, 1996.

12. *Dotson v. Rowe*, Ky.App., 957 S.W.2d 269, 270 (1997).

13. *Id.*, 957 S.W.2d at 270–271. *See Hicks*, 764 S.W.2d at 71, 73–75.

be created by implying an exception from the grandparents' visitation statute.[14]

The 1996 amendment to the grandparents' visitation statute, KRS 405.021, demonstrates an attempt on the part of the legislature to balance the interest in finality of termination of parental rights with public policy reasons in favor of continued grandparent visitation.[15] This balance is also reflected in the current version of KRS 405.021, which reads in relevant part as follows:

(1) The Circuit Court may grant reasonable visitation rights to either the paternal or maternal grandparents of a child and issue any necessary orders to enforce the decree if it determines that it is in the best interest of the child to do so. Once a grandparent has been granted visitation rights under this subsection, those rights shall not be adversely affected by the termination of parental rights belonging to the grandparent's son or daughter, who is the father or mother of the child visited by the grandparent, unless the Circuit Court determines that it is in the best interest of the child to do so.

(2) The action shall be brought in Circuit Court in the county in which the child resides.

Appellant asserts that she is entitled to continued visitation with A.H. and D.D. under KRS 405.021 because she was granted visitation with the children before her daughter, C.D.'s, parental rights were terminated. Appellant relies upon an agreed order entered October 2, 2002, by the McLean District Court after A.H. and D.D. had been placed in the custody of the Cabinet but before C.D.'s parental rights were terminated. The order, which was entered in cases .02–J–00020 and 02–J–00021, *In Re: A.H. and D.D.*,[16] *minor children*, appears to modify an earlier visitation order or agreement; but no other order or agreement has been included in the record before this Court. The October 2, 2002, agreed order states, in part, as follows: "By agreement, the Cabinet shall expand the visitation between these children and their parents to two hours per week, and the grandparents may visit with the children during this time."

■ Appellant relies on an order of the district court rather than an order of the circuit court. But KRS 405.021(1) clearly specifies that "[t]he Circuit Court may grant reasonable visitation rights" to grandparents. KRS 405.021(2) also specifies that "[t]he action [for grandparent visitation] shall be brought in Circuit Court in the county in which the child resides." Significantly, the protections available in KRS 405.021(1) for preserving grandparent visitation, which would otherwise be severed by the termination of parental rights of the grandparent's son or daughter who is the parent of the child at issue, are conditional on the grandparent's having "been granted visitation rights under this subsection." This refers back to the earlier sentence in KRS 405.021(1) about obtaining reasonable visitation through the circuit court. Clearly KRS 405.021 requires a visitation order issued by the circuit court prior to the termination of parental rights of a grandparent's son or daughter to protect grandparent visitation rights with the children of that son or

---

**14.** *Hicks,* 764 S.W.2d at 71 (citation omitted).

**15.** *Dotson,* 957 S.W.2d at 271.

**16.** The case name on the district court order actually lists the children's names in full, but we have used their initials to protect their privacy.

daughter. Nevertheless, Appellant suggests that we should find an order by the district court to be sufficient because the bonds developed between child and grandparent are the same regardless of which court entered the order.

■ As this Court stated in *Cole v. Thomas* when we held that great-grandparent visitation is not within the purview of KRS 405.021, "while we agree that the more familial bonds a child has is generally better for the child, this court is not in a position to add words and meaning to a statute that is clear on its face."[17] We can only enforce the statute as it is written. And, as KRS 405.021 is written, it calls for a visitation order from the circuit court in the county in which the child resides, not the district court. Since Appellant did not obtain a circuit court order granting her grandparent visitation prior to the termination of her daughter's parental rights, she may not rely on the exception in KRS 405.021 to preserve her visitation rights. Once C.D.'s parental rights were terminated, Appellant also lost her statutory right to seek grandparent visitation under KRS 405.021.[18] Therefore, the Circuit Court properly dismissed Appellant's petition for grandparent visitation.

■ We also note that even if the order on which Appellant relies were issued by the circuit court, we do not believe that it would satisfy the requirements of KRS 405.021. The main purpose of the order appears to be to establish the number of hours of parental visitation available per week. Only secondarily does it mention that "the grandparents may visit with the children during this time," meaning the two hours of parental visitation. Thus, the

grandparents are not granted a right to visitation independent of parental visitation. Moreover, Appellant is not specifically granted any visitation. The district court merely refers to "the grandparents"; but A.H. and D.D., theoretically, have six grandparents between them.[19] There is no indication that the district court even knew of Appellant much less of her fitness for visitation. We do not think that this passing, generic reference to permitting grandparent visitation in conjunction with parental visitation qualifies as a grant of grandparent visitation rights to Appellant within the meaning of KRS 405.021. Thus, she may not rely on the statutory exception within KRS 405.021 for a grandparent who has been granted visitation prior to the termination of his or her child's parental rights. Again, because she may not rely on this statutory exception, Appellant's statutory right to seek visitation with her grandchildren, A.H. and D.D., under KRS 405.021, was cut off when her daughter's parental rights were terminated.[20]

For the foregoing reasons, we affirm the McLean Circuit Court's denial of Appellant's petition for grandparent visitation.

JOHNSON, Judge, concurs.

COMBS, Chief Judge, dissents and files separate opinion.

COMBS, Chief Judge, dissenting.

I respectfully dissent. I believe that KRS 405.021 is expansive enough to allow the circuit court to re-visit the previous district court order and to scrutinize it in light of the facts of this case to determine if the best interests of the children indicate the propriety of continued grandparent

---

17. 735 S.W.2d 333, 335 (1987).

18. *See Hicks,* 764 S.W.2d at 74.

19. Six, rather than four, because the children have different fathers.

20. *See Hicks,* 764 S.W.2d at 74.

visitation. No statutory language indicates that timing of entry of such an order is of the essence requiring strict compliance in order to preserve this precious right.

It is true that the statute contemplates that grandparent visitation be established prior to termination of parental rights. However, the statute does not mandate an exclusive chronology or sequence of events as a condition precedent to a continuation of grandparent visitation. The intent of the statute has been held to be remedial, encompassing cases decided prior to its amendment:

> The purpose of the amendment to KRS 405.021 was to change the existing law to which the courts, and undoubtedly litigants, had expressed displeasure. It was neither logical nor consistent with public policy to sever the child from an established grandparent relationship without first determining if such action was in the child's best interest. *The statute is clearly remedial in nature.* If it is in the child's best interest, it preserves grandparent visitation established prior to the termination proceeding. *It is applicable to cases prior to July 1996, as well as those after the effective date of the amendment.* (Emphasis added.)

*Dotson v. Rowe,* Ky.App., 957 S.W.2d 269, 271. If indeed this statute can be applied retrospectively to other cases, surely it can be utilized in this case to allow the circuit court to evaluate the visitation order of the district court according to the critical standard of the "best interest of the child" in balancing any and all other competing interests.

Appellant placed the issue in the proper perspective by contending that "the bonds developed between child and grandparent are the same regardless of which court entered the order." (Majority opinion, p. 265). I agree and would accordingly remand this case to the circuit court for a hearing to examine the substantive issue of the well-being of these children rather than focusing incorrectly on the procedural technicality of which court acted first on the issue of grandparent visitation.