MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Stanley and Cindy Bolivar, the maternal grandparents of two minor children, challenge the sufficiency of the chancellor’s findings supporting the award of grandparent visitation to Joyce Waltman, the paternal grandmother. Because the children’s parents, who are necessary parties under Mississippi Code Annotated section 93-16-5 (Rev.2004), were not joined in the action, we find the chancellor lacked jurisdiction to address grandparent-visitation rights. Thus, we must vacate the chancellor’s award. On remand, we instruct the chancellor to fully apply the grandparent-visitation statute and the Martin
 
 [1]
 
 factors in determining appropriate visitation.
 

 FACTS
 

 ¶ 2. This dispute concerns the Bolivars’ and Waltman’s two grandchildren, who were approximately six and four years old at the time of the hearing in this case. The children’s parents were divorced in August 2006. Because both parents have a prolonged history of substance abuse, in May 2008 the chancellor appointed the Bolivars (the maternal grandparents) the children’s co-guardians.
 

 ¶ 3. Following their appointment, the Bolivars allowed Waltman (the paternal grandmother) visitation with the children every other weekend. Waltman’s arrangement was identical to the visitation granted to the children’s father (Waltman’s son) under the judgment of divorce, which remained the controlling custody order. The Bolivars eventually began limiting Walt-man’s visitation
 
 [2]
 
 from every other weekend to every other Saturday from 8:00 a.m. to 5:00 p.m. Dissatisfied with this new arrangement, Waltman filed a petition for grandparent visitation.
 

 ¶ 4. The chancellor held a hearing, and Stanley, Cindy, and Waltman testified. Much of the Bolivars’ testimony focused on their reasons for scaling back Waltman’s visitation. Both Stanley and Cindy explained they were not opposed to Waltman exercising visitation, nor had they ever completely denied Waltman visitation. However, they disagreed Waltman should have the same amount of visitation as required for the father under the divorce judgment.
 

 
 *337
 
 ¶ 5. Following the hearing, the chancellor granted Waltman’s petition for grandparent visitation. He ordered Waltman’s visitation be the equivalent of father’s visitation under the judgment of divorce. The Bolivars appeal from this order.
 

 DISCUSSION
 

 I. Joinder of Necessary Parties
 

 ¶ 6. Although neither party raises the issue of jurisdiction, we must do so on our own initiative.
 
 E.g., Michael v. Michael,
 
 650 So.2d 469, 471 (Miss.1995) (citing
 
 Common Cause of Miss. v. Smith,
 
 548 So.2d 412, 414 (Miss.1989);
 
 Cotton v. Veterans Cab Co.,
 
 344 So.2d 730, 731 (Miss.1977);
 
 Byrd v. Sinclair Oil & Refining Co.,
 
 240 So.2d 623 (Miss.1970)). Whether the chancery court had jurisdiction over a particular matter is a question of law, which the appellate court reviews de novo.
 
 In re Guardianship of Z.J.,
 
 804 So.2d 1009, 1011 (¶ 9) (Miss.2002) (citing
 
 Burch v. Land Partners, L.P.,
 
 784 So.2d 925, 927 (¶ 7) (Miss.2001)).
 

 ¶ 7. Mississippi Code Annotated section 93-16-5 establishes the necessary parties to a proceeding for grandparent visitation:
 

 All persons required to be made parties in child custody proceedings or proceedings for the termination of parental rights shall be made parties to any proceeding in which a grandparent of a minor child or children seeks to obtain visitation rights with such minor child or children;
 
 and the court may, in its ■ discretion, if it finds that such visitation rights would be in the best interest of the child, grant to a grandparent reasonable visitation rights with the child.
 

 (Emphasis added). Section 93-15-107(1) lists as necessary parties in an action to terminate parental rights: “the mother of the child, the legal father of the child, and the putative father of the child, when known[.]” Miss.Code Ann. § 93-15-107(1) (Rev.2004). Likewise, we find these same parties are also indispensable in a custody determination.
 
 See
 
 Miss.Code Ann. § 93-27-205 (Rev.2004) (requiring service of process on “any parent whose parental rights have not been previously terminated” in interstate custody disputes);
 
 see also generally
 
 Deborah H. Bell,
 
 Bell on Mississippi Family Law
 
 § 19.01[3] (2005);
 
 cf. Smith v. Watson,
 
 425 So.2d 1030 (Miss.1983) (finding a third-party with custody of a child is a proper party to a custody dispute between parents but not a necessary party).
 

 ¶ 8. We find section 93-16-5’s mandate clear and unambiguous that the natural parents whose parental rights have not been terminated must be parties to a grandparent-visitation proceeding. And we conclude that the requirement for the joinder of necessary parties in section 93-16-5 is jurisdictional.
 
 See Garrett v. Bohannon,
 
 621 So.2d 935, 937-38 (Miss.1993) (holding similar mandatory “shall” language in Mississippi Code Annotated section 91-7-25 (Rev.2004), which establishes necessary parties to will contest, is a jurisdictional requirement);
 
 In re Estate of McClerkin,
 
 651 So.2d 1052, 1058 (Miss.1995) (holding trial court lacked jurisdiction over will contest because “necessary and proper parties were not before the court.”) (citations omitted). As the supreme court similarly found in
 
 Garrett,
 
 we find that to give validity and credence to the trial court’s judgment without joinder of necessary parties would undermine the legislative mandate in section 93-16-5.
 
 Garrett,
 
 621 So.2d at 937.
 

 ¶ 9. Because the trial court lacked jurisdiction to award grandparent visitation without joinder of the parents, we must vacate and remand. Though this issue is dispositive, we still address the applicable
 
 *338
 
 framework and factor-based analysis for deciding grandparent-visitation requests.
 

 II. The Statutory Framework and Factors
 

 ¶ 10. Sufficient findings are required under the applicable statutory framework and factors. Grandparent visitation in Mississippi is governed by statute. • Mississippi Code Annotated section 93-16-3 (Supp.2011) provides:
 

 (1) Whenever a court of this state enters a decree or order awarding custody of a minor child to one (1) of the parents of the child or terminating the parental rights of one (1) of the parents of a minor child, or whenever one (1) of the parents of a minor child dies, either parent of the child’s parents may petition the court in which the decree or order was rendered or, in the case of the death of a parent, petition the chancery court in the county in which the child resides, and seek visitation rights with the child.
 

 (2) Any grandparent who is not authorized to petition for visitation rights pursuant to subsection (1) of this section may petition the chancery court and seek visitation rights with his or her grandchild, and the court may grant visitation rights to the grandparent, provided the court finds:
 

 (a) That the grandparent of the child had established a viable relationship with the child and the parent or custodian of the child unreasonably denied the grandparent visitation rights with the child; and
 

 (b) That visitation rights of the grandparent with the child would be in the best interests of the child.
 

 (3) For purposes of subsection (2) of this section, the term “viable relationship” means a relationship in which the grandparents or either of them have voluntarily and in good faith supported the child financially in whole or in part for a period of not less than six (6) months before filing any petition for visitation rights with the child, the grandparents have had frequent visitation including occasional overnight visitation with said child for a period of not less than one (1) year, or the child has been cared for by the grandparents or either of them over a significant period of time during the time the parent has been in jail or on military duty that necessitates the absence of the parent from the home.
 

 Once the statutory criteria are established, the chancellor must apply the following
 
 Martin
 
 factors to determine appropriate visitation:
 

 1. The amount of disruption that extensive visitation will have on the child’s life. This includes disruption of school activities, summer activities, as well as any disruption that might take place between the natural parent and the child as a result of the child being away from home for extensive lengths of time.
 

 2. The suitability of the grandparents’ home with respect to the amount of supervision received by the child.
 

 3. The age of the child.
 

 4. The age, and physical and mental health of the grandparents.
 

 5. The emotional ties between the grandparents and the grandchild.
 

 6. The moral fitness of the grandparents.
 

 7. The distance of the grandparents’ home from the child’s home.
 

 8. Any undermining of the parent’s general discipline of the child.
 

 9. Employment of the grandparents and the responsibilities associated with that employment.
 

 
 *339
 
 10. The willingness of the grandparents to accept that the rearing of the child is the responsibility of the parent, and that the parent’s manner of child rearing is not to be interfered with by the grandparents.
 

 Townes v. Manyfield,
 
 883 So.2d 93, 95-96 (¶ 17) (Miss.2004) (quoting
 
 Martin,
 
 693 So.2d at 916).
 
 [3]
 
 The Mississippi Supreme Court has explained that “making findings of fact under the
 
 Martin
 
 factors is an integral part of a determination of what is in the best interest of a child.”
 
 Id.
 
 at 97 (¶ 29) (quoting
 
 T.T.W. v. C.C.,
 
 839 So.2d 501, 505 (¶ 12) (Miss.2003)). Because of the “integral” nature of these findings, our supreme court specifically instructs that “the
 
 Martin
 
 factors are to be applied and discussed
 
 in every case
 
 in which grandparent visitation is an issue.”
 
 Id.
 
 (emphasis added).
 

 ¶ 11. There is additional general guidance regarding the amount of visitation that should be awarded. “The visitation granted to a grandparent should be less than that which would be awarded to a non-custodial parent, unless the circumstances overwhelmingly] dictate that that amount of visitation is in the best interest of the child, and it would be harmful to the child not to grant it.”
 
 Id.
 
 at 96 (¶ 21). And in cases where “a chancellor finds ... a grandparent should be awarded equivalent visitation to that of a parent, those findings must be fully discussed on the record.”
 
 Id.
 
 at 97 (¶ 29).
 

 ¶ 12. Further, we note that the grandparent-visitation statute and the
 
 Martin
 
 factors apply whether the grandparent is seeking visitation from a natural or adoptive parent.
 
 T.T.W.,
 
 839 So.2d at 503-06 (¶¶ 1-2, 7, 10, 17) (finding grandparent-visitation statute and
 
 Martin
 
 factors applicable where maternal grandparents adopted children, and paternal grandmother sought visitation);
 
 see also Woodell v. Parker,
 
 860 So.2d 781, 785-86 (¶ 15), 789-90(¶ 29) (Miss.2003). Thus, we find it logical that both the grandparent-visitation statute and the
 
 Martin
 
 factors should similarly apply to the present situation where a grandparent is seeking visitation rights from the children’s legal guardians.
 
 See Townes,
 
 883 So.2d at 97 (¶ 29) (instructing that
 
 Martin
 
 factors must always be applied where grandparent visitation is at issue)
 

 ¶ 13. Because chancellors are required to make specific findings on the
 
 Martin
 
 factors in every case involving grandparent visitation, the supreme court has vacated grandparent-visitation awards unsupported by such findings.
 
 Townes,
 
 883 So.2d at 97-98 (¶ 30);
 
 T.T.W.,
 
 839 So.2d at 506 (¶ 17);
 
 Morgan v. West,
 
 812 So.2d 987, 992 (¶ 14), 997(¶ 38) (Miss.2002). On remand, the chancellor should fully discuss his findings concerning the grandparent-visitation statute and
 
 Martin
 
 factors. Failure to do so may amount to reversible error.
 
 See Townes,
 
 883 So.2d at 97-98 (¶¶ 28-30).
 

 CONCLUSION
 

 ¶ 14. We vacate and remand because, under section 93-16-5, the children’s parents are necessary parties to the grandparent-visitation proceeding, and they were not joined in this matter. On remand, once all necessary parties are properly joined, we instruct the chancellor to (1) apply the statutory framework found in section 93-16-3 and (2) make specific findings on the
 
 Martin
 
 factors.
 

 
 *340
 
 ¶ 15. THE JUDGMENT OF THE JONES COUNTY CHANCERY COURT IS VACATED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 .
 
 Martin v. Coop,
 
 693 So.2d 912, 916 (Miss.1997).
 

 [2]
 

 . Stanley explained he was initially "under the impression” that Waltman was entitled to the same visitation granted to the father under the judgment of divorce.
 

 [3]
 

 . To be clear, and at the risk of stating the obvious, we note that "custodian” should be substituted in place of "parent” when applying the
 
 Martin
 
 factors to the facts of this particular case.