**v.**

**A.M.; L.M.; L.S.M.; Cabinet for Health and Family Services, Commonwealth of Kentucky; and Honorable Hugh Smith Haynie, Jr., Judge, Jefferson Circuit Court, Appellees.**

**No. 2011–CA–000333–ME.**

Court of Appeals of Kentucky.

Sept. 28, 2012.

Ellen G. Friedman, Louisville, KY, for appellants.

Erika L. Saylor (argued), Louisville, KY, for Appellee Commonwealth of Kentucky, Cabinet for Health and Family Services.

Nicole Tyler Cook (argued), Louisville, KY, for appellee guardian ad litem for Infants.

Before DIXON and VANMETER, Judges; LAMBERT,[1] Senior Judge.

## OPINION

DIXON, Judge:

Appellants, B.L.M. and B.A.M., appeal from the Jefferson Circuit Court's denial of a CR 60.02 motion to set aside an order in an adoption case requiring visitation between the adopted children and their biological siblings.

In the fall of 2007, A.M., L.M., and L.S.M. were placed in Appellants' foster care by the Cabinet for Health and Family Services. Parental rights to the children had previously been terminated by judg-

ments entered in February 2007. The children have three older biological siblings who were not placed with Appellants.

On January 5, 2009, Appellants filed petitions for the adoption of all three children. At a hearing held on July 22, 2009, both the children's guardian ad litem and the family court expressed the opinion that the adoption was in the best interest of the children so long as Appellants agreed to permit reasonable visitation with the children's biological siblings. The family court thereafter entered judgments granting the adoption petitions. Further, the family court entered in the record a statement signed by Appellants that provided: "[Appellants] hereby agree that they shall continue reasonable sibling visitation between [A.M., L.M. and L.S.M.] and their older siblings after the adoption is completed." A notation on the bottom of the signed statement indicates that it was adopted as an order of the court, violation of which "is punishable by contempt."

Almost one year later, on June 30, 2010, the guardian ad litem filed a motion to hold Appellants in contempt for violating the sibling visitation order. After the family court scheduled a contempt hearing, Appellants filed a CR 60.02 motion to set aside the visitation order, arguing that the family court exceeded its jurisdiction in entering and attempting to enforce the order. When the family court passed the motion so that it would be heard at the same time as the contempt matter, Appellants filed a petition for a writ of prohibition and a motion for emergency relief in this Court. Both were denied by order entered December 6, 2010, on the basis that extraordinary relief was not required because the parties had a remedy by appeal from the contempt hearing. No rul-

---

1. Senior Judge Joseph Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

ing was made concerning the validity of the visitation agreement. On January 18, 2011, the family court denied Appellant's CR 60.02 motion. This appeal ensued.

■ Appellants argue to this Court that the order requiring post-adoption visitation is void, as only the legislature has the authority to establish such right. As such, Appellants contend that the family court was without jurisdiction or statutory authorization to enter or attempt to enforce the vitiation order. Interestingly, the Cabinet, while designated as an appellee herein, agrees with and adopts Appellants' arguments. Further, although the guardian ad litem is the party who initially moved for violation of the visitation order, after further investigation she now agrees with Appellants that the visitation has had a significant detrimental effect upon A.M., L.M. and L.S.M., and is no longer in their best interest.

■ It is fundamental that adoption exists only as a right bestowed by statute and, as such, Kentucky courts have required strict compliance with the procedures therein. *Wright v. Howard,* 711 S.W.2d 492 (Ky.App.1986). *See also Goldfuss v. Goldfuss,* 565 S.W.2d 441, 442 (Ky. 1978). As noted by our Supreme Court in *Day v. Day,* 937 S.W.2d 717, 719 (Ky. 1997), "[t]he law of adoption is in derogation of the common law. Nothing can be assumed, presumed, or inferred and what is not found in the statute is a matter for the legislature to supply and not the courts." (*citing Coonradt v. Sailors,* 186 Tenn. 294, 209 S.W.2d 859 (1948)).

In 1976, the General Assembly first enacted KRS 405.021, which authorized grandparents to petition for visitation in certain circumstances. It was not until 1996, that the legislature amended KRS 405.021 to provide that grandparent visitation, if already established by court order, could be enforced even after the termination of parental rights. *See E.D. v. Commonwealth, Cabinet for Health & Family Servs.,* 152 S.W.3d 261, 264 (Ky. App.2004). Significantly, however, no one disputes that our legislature has not provided for sibling visitation. As the Kentucky Supreme Court opined in *King v. King,* 828 S.W.2d 630, 631–32 (Ky.1992), "while it may be desirable for aunts and uncles and cousins to have a close relationship with each other, our General Assembly has seen fit to protect visitation only by grandparents...." Clearly, in amending the statute in 1996 to preserve grandparent visitation following a termination of parental rights, the legislature could have included other family members, including siblings, but did not.

In the present case, once the judgment of adoptions was entered, no legal ties existed between A.M., L.M., and L.S.M. and their biological siblings. While it was within Appellants' discretion as the adoptive parents to allow sibling visitation, to judicially require such visitation in the absence of any statutory authority contravenes the intent of the legislature and the law in Kentucky.

Thus, we conclude that the Jefferson Family Court had no legal authority to enter the order requiring sibling visitation, and Appellants were entitled to relief under CR 60.02. Therefore, we vacate the order and remand this matter to the family court for additional action as may be required by this case.

ALL CONCUR.