JAMES, J.,
concurring in part and dissenting in part:
¶ 34. I agree with the majority’s finding that the chancellor was without authority to amend the child’s birth certificate and change her surname. However, the chancellor erred in granting grandparents’ visitation. Allison’s motion for a continuance should have been granted in order to allow Allison to appear in court. Also, DNA testing alone does not establish paternity, as there must be an adjudication of paternity with the proper parties before the court, prior to an award of grandparents’ visitation. Therefore, I would reverse and remand the award of visitation to allow the adjudication of paternity after the death of the father to be brought by the proper party, and to allow all necessary parties to be present in court for both the adjudication of paternity and the petition for grandparents’ visitation.
¶ 85. Mississippi Code Annotated section 93-16-5 (Rev.2004) states: “All persons required to be made parties in child custody proceedings or proceedings for the termination of parental rights shall be made parties to any proceeding in which a grandparent of a minor child ... seeks to obtain visitation rights with such minor ehild[.]”
¶ 36. Mississippi Code Annotated section 93-15-107(1) (Rev.2004) lists “the mother of the child” as a necessary party in an action to terminate parental rights. The statute provides that the mother shall be a party defendant in a custody dispute. Id. Here, Allison was a necessary party. Therefore, her presence was required in order for the chancellor to award visitation to the Thrashes. Furthermore, the record shows that Allison’s attorney filed a motion for a continuance. I find the chancellor erred in denying this motion because Allison was not properly present during the proceeding as section 93-16-5 mandates. “[T]he requirement for the joinder of necessary parties in section 93-16-5 is jurisdictional.” Bolivar v. Waltman, 85 So.3d 335, 337 (¶ 8) (Miss.Ct.App.2012) (citing Garrett v. Bohannon, 621 So.2d 935, 937-38 (Miss.1993)). “[T]o give validity and credence to the trial court’s judgment without the presence of necessary parties would undermine the legislative mandate in section 93-16-5.” Id. (citing Garrett, 621 So.2d at 937). For this reason, I feel that the chancellor’s award of visitation to the Thrashes in Allison’s absence is reversible error. In the majority opinion, it is pointed out that the Thrashes made numerous allegations against Allison in her absence. However, Allison should have been present in view of the seriousness of the charges and also because of the relief requested.
¶ 37. In Martin v. Coop, 693 So.2d 912, 915-16 (Miss.1997), the Mississippi Supreme Court emphasized that “[grandparents do not stand in lieu of or in the shoes of the deceased parent.” Further, in Martin the court stated that “visitation granted to grandparents should not be equivalent to that which would be granted to a non-custodial parent unless the circumstances overwhelmingly dictate that it should be.” Id. at 916. (emphasis added). The court reiterated that “[t]he visitation should be less than that which would be awarded to a non-custodial parent, unless the circumstances overwhelmingly] dictate that that amount of visitation is in the best interest of the child, and it would be harmful to the child not to grant it.” Id. (emphasis added).
¶ 38. Here, after analyzing the Martin factors, the chancellor awarded eighty days of weekend and summertime visita *153 tion, plus extensive holiday visitation, to the Thrashes. However, the chancellor failed to make an on-the-record finding of how granting the Thrashes the same visitation that would have been granted to the deceased father is in the best interest of the child, and there is no proof in the record that it would be harmful not to grant it. I find the visitation awarded to the Thrashes was excessive because it was essentially the same visitation that would be awarded to a non-custodial parent.
¶ 39. Also, Allison is a necessary party to any determination of paternity. The genetic test results admitted into evidence stated that “[t]he alleged grandparents, Rebecca B. Thrash and Doyle W. Thrash, cannot be excluded as the biological parental grandparents of the child named Pay-ton M. Arrington[,] and the probability of grandparent age is 99.999%.” However, the DNA test alone does not establish paternity; it creates a rebuttable presumption of paternity. And, there must be other proof presented pursuant to Mississippi Code Annotated section 93-9-27 (Rev.2004). The Thrashes stated in their petition that the child’s paternity had been established via DNA testing. The court stated as part of its order that paternity had been legally established by DNA testing and that the result of the DNA testing had been made a part of the record. However, the record does not show that there was any adjudication of paternity prior to this hearing.
¶ 40. The Thrashes did not cite any statute for adjudication of paternity after the death of the father. However, Mississippi Code Annotated section 93-9-9(1) (Rev.2004) states that a petition to establish paternity and change the surname of the father can be brought by the mother, the father, the child, or a “public authority chargeable by law with the support of the child.” The statute further requires that such an adjudication after the death of the father must be made by clear and convincing evidence. Paternity actions under this statute can be brought until the child reaches age twenty-one, unless the child has been emancipated as set forth in Mississippi Code Annotated sections 93-5-23 (Rev.2004) and 93-11-65 (Rev.2004).
¶ 41. Mississippi Code Annotated section 91-l-15(3)(c) (Rev.2004) also deals with the adjudication of paternity after the death of the father. Under this code section, the action must be filed within one year after the father’s death, or within ninety days after the first publication of the notice to creditors to present their claims, whichever is less. See Perkins v. Thompson, 551 So.2d 204, 208 (Miss.1989); see also Prout v. Williams, 55 So.3d 195, 198 (¶ 11) (Miss.Ct.App.2011). It appears that the Thrashes did not have standing to bring a paternity action after the death of the father, under Mississippi Code Annotated section 93-9-9(1), and that the statute of limitation had run for them to bring the action under section 91 — 1—15(3)(c).
¶ 42. For the reasons set out above, I would reverse and remand the award of grandparent visitation.
IRVING, P.J., JOINS THIS OPINION.