FAIR, J.,
for the Court:
¶ 1. This appeal arises from a chancellor’s order granting Robert and Annie Alexander visitation rights with their great-grandchildren under Mississippi Code Annotated section 93-16-3 (Rev.2013). Julia “Beth” Lott, the children’s mother and their daughter’s daughter, raises two issues on appeal: (1) the Alexanders do not have standing under section 93-16-3, and, in the alternative, (2) the chancellor erred in finding Lott unreasonably denied visitation. We find the first issue to be disposi-tive. We hold, consistent with the Legislature’s definition of “grandparent” and the plain language of section 93-16-3 that great-grandparents are not grandparents within the meaning of section 93-16-3. Therefore, because the Alexanders do not have standing to seek visitation under that statute, we do not address the second issue.
FACTS
¶ 2. The Alexanders petitioned for visitation with their great-grandchildren on August 20, 2012. Lott filed a motion to dismiss the Alexanders’ petition, asserting that, as great-grandparents, the Alexanders improperly sought visitation under section 93-16-3. During the visitation hearing on December 14, 2012, both parties argued the motion before the chancellor. The chancellor denied the motion, stating:
*371 Subsection two, which is what we are travelling under today[,] of § 93-16-3 entails a different fact situation [than subsection one]. There’s different criteria that are established and if, in fact, these great-grandparents can establish that same criteria, [subsection two] doesn’t make any distinction and say[s] that this only applies to grandparents and not great-grandparents .... [The] statute anticipates that normally a parent would do that or a grandparent, but not a great[-]grandparent[ ]. But [the great-grandparents] have kind of stood in the place of her mom in her life. So I’m going to proceed with this ... if they do establish the things that I was told in the pretrial conference, then I’m going to step out on a limb and I’m going to interpret this to apply in this particular ease, to the great-grandparents.
¶ 3. At the close of the visitation hearing, the chancellor ruled in favor of the Alexanders, finding that the following criteria had been met in accordance with section 93 — 16—3(2):(1) the Alexanders established a viable relationship with their great-grandchildren, (2) Lott unreasonably denied the Alexanders visitation rights, and (3) the visitation rights would be in the best interest of the children. On January 7, 2013, the chancellor entered an order granting the Alexanders visitation rights. Lott now appeals, claiming that the chancellor erred by interpreting section 93-16-3 to include great-grandparents.
STANDARD OF REVIEW
¶ 4. “We will not disturb the factual findings of a chancellor when supported by substantial evidence unless we can say with reasonable certainty that the chancellor abused her discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard.” T.T.W. v. C.C., 839 So.2d 501, 503 (¶ 6) (Miss.2003) (citations omitted).
¶ 5. Whether great-grandparents have a right to petition to seek visitation with the children depends entirely on whether they are “grandparents” within the meaning of section 93-16-3. This presents an issue of statutory interpretation, which we review de novo. T.T.W., 839 So.2d at 503 (116).
DISCUSSION
1. Constitutional Background
¶ 6. Grandparents have no common-law right to visitation with their grandchildren. Id. at 504 (¶ 7). Such a right, if created, is purely statutory and may only be considered if the statutory criteria are met. Woodell v. Parker, 860 So.2d 781, 785-86 (¶ 15) (Miss.2003). The Mississippi Grandparents’ Visitation Act expressly permits state courts to grant visitation to grandparents. Mississippi Code Annotated section 93—16—3(1)—(2) provides:
(1) Whenever a court of this state enters a decree or order awarding custody of a minor child to one (1) of the parents of the child or terminating the parental rights of one (1) of the parents of a minor child, or whenever one (1) of the parents of a minor child dies, either parent of the child’s parents may petition the court in which the decree or order was rendered or, in the case of the death of a parent, petition the chancery court in the county in which the child resides, and seek visitation rights with the child.
(2) Any grandparent who is not authorized to petition for visitation rights pursuant to subsection (1) of this section may petition the chancery court and seek visitation rights with his or her grandchild, and the court may grant vis *372 itation rights to the grandparent, provided the court finds:
(a) That the grandparent of the child had established a viable relationship with the child and the parent or custodian of the child unreasonably denied the grandparent visitation rights with the child; and
(b) That visitation rights of the grandparent with the child would be in the best interests of the child.
(Emphasis added).
¶ 7. In Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), the United States Supreme Court struck down a non-parent visitation statute in the State of Washington because it unduly impinged on parents’ fundamental right to make decisions concerning the care, custody, and control of their children. Id. at 68-73, 120 S.Ct. 2054. The Court reasoned that this right was “perhaps the oldest of the fundamental liberty interests recognized by this Court” and stressed that “ £[i]t is cardinal with us that the custody, care[,] and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.’ ” Id. at 65-66, 120 S.Ct. 2054 (citations omitted).
¶ 8. In Stacy v. Ross, 798 So.2d 1275, 1279 (¶¶ 15-16) (Miss.2011), the Mississippi Supreme Court considered the constitutionality of section 93-16-3 in light of Troxel. Upholding the statute, the court stated that, “[u]nlike the ‘breathtakingly broad’ ‘any person’ language in Washington’s statute, ... [the] Mississippi Grandparents’ Visitation Act expressly permits state courts to grant visitation to grandparents.” Stacy, 798 So.2d at 1279 (¶ 17). More recently, in Smith v. Wilson, 90 So.3d 51, 58 (¶ 22) (Miss.2012), the court addressed the issue once again, stating that “[u]nlike the statute in Troxel, Mississippi’s grandparent-visitation statute is narrow, allowing grandparents (not any person) to seek visitation only under certain circumstances.” The court went on to say that “[t]he factors set forth in [Martin v. Coop, 693 So.2d 912 (Miss.1997) ] specifically prohibit a Chancellor from ordering visitation which would interfere with a parent’s right to rear his or her children.” Smith, 90 So.3d at 59 (¶ 23) (citation omitted).
2. Mississippi’s Grandparent Visitation Act
¶ 9. Lott argues that the Alexanders improperly petitioned for visitation because section 93-16-3(2) does not apply to great-grandparents. Without citing authority or developing a rationale, the Alexanders simply assert the belief that they are in fact grandparents within the meaning of the statute; and, therefore, the Alexanders claim the chancellor correctly included great-grandparents within the meaning of section 93-16-3(2).
¶ 10. The Mississippi Supreme Court has not yet been given the opportunity to decide whether the term great-grandparents are included in the purview of Mississippi Code section 93-16-3. Accordingly, this is an issue of first impression.
¶ 11. Neither subsection one or two of 93-16-3 purports to authorize visitation awards to great-grandparents. “It is a familiar rule of statutory construction[ ] that if reasonably possible, statutes shall be construed to conform to constitutional requirements, and that broad language will be limited to conform to constitutional requirements.” Miss. State Tax Comm’n v. Brown, 188 Miss. 483, 496, 193 So. 794, 796 (1940). If a statute is plain and unambiguous, it is unnecessary to engage in statutory interpretation. DuPree v. Carroll, 967 So.2d 27, 30 (¶ 17) (Miss.2007).
*373 ¶ 12. Our Mississippi Supreme Court has stated:
The courts have no right to add anything to or take anything from a statute, where the language is plain and unambiguous. To do so would be intrenching upon the power of the Legislature. Neither have the courts authority to write into the statute something which the Legislature did not itself write therein, nor can they ingraft upon it any exception not done by the lawmaking department of the government.
Wallace v. Town of Raleigh, 815 So.2d 1208, 1208 (¶ 17) (Miss.2002) (quoting Hammer v. Yazoo Delta Lumber Co., 100 Miss. 349, 417, 56 So. 466, 490 (1911)). Section 93-16-8 does not expressly define “grandparent” within the statute, but it does refer to a grandparent as the “parent of a child’s parent.” Miss. Code Ann. § 93-16-3(1). And, there is no reference to “great-grandparents” in the statute. Webster’s II New College Dictionary 485 (1995) defines “grandparent” as a “parent of one’s mother or father.” Our supreme court has stated that it “presumes that words used in statutes were intended to convey their usual meaning absent some indication to the contrary.” Buelow v. Kemp Co., 641 So.2d 1226, 1228-29 (Miss.1994). Giving the term “grandparent” its plain and ordinary meaning, the intent of the Legislature is clear and unambiguous.
¶ 13. Courts in other jurisdictions have held that grandparent-visitation statutes must be strictly construed due to their impingement on parents’ fundamental rights. See, e.g., Thompson v. Thompson, 984 So.2d 415, 417 (Ala.Civ.App.2007); In re Visitation of C.R.P., 909 N.E.2d 1026, 1028 (Ind.Ct.App.2009). Some states specifically allow great-grandparents or other family members to petition for visitation under the same statute. See, e.g., Towne v. Cole, 133 Ill.App.3d 380, 88 Ill.Dec. 404, 478 N.E.2d 895, 897 (1985) (stating that the state legislature had specifically amended the state statute providing for visitation rights with children, to include not only grandparents, but great-grandparents as well). See also Ariz.Rev.Stat. Ann. § 25-409(C) (persons other than legal parent); Ark.Code Ann. § 9-13-103(a)(1) (grandparents and great-grandparents); Minn.Stat. Ann. § 257C.08(4) (other person); Nev.Rev.Stat. § 125C.050(1) (other children, grandparents, great-grandparents); N.M. Stat. Ann. § 40-9-1.1 (grandparents and great-grandparents); N.D. Cent.Code § 14-09-05.1 (grandparents and great-grandparents); Ohio Rev.Code Ann. § 3109.11 (other relatives); Wis. Stat. Ann. § 767.43 (great-grandparents and other persons).
¶ 14. Our statute, however, does not include the term “great-grandparent.” And, overwhelmingly, courts that have considered this issue reached the same conclusion where the statute in question did not expressly give great-grandparents a right to seek visitation. Chavers v. Hammac, 568 So.2d 1252, 1253 (Ala.Civ.App.1990); In re M.D.E., 297 P.3d 1058, 1061 (Colo.App.2013); Hammons v. Jenkins-Griffith, 764 N.E.2d 303, 305-06 (Ind.Ct.App.2002); Skov v. Wicker, 272 Kan. 240, 32 P.3d 1122, 1127-28 (2001); Cole v. Thomas, 735 S.W.2d 333, 334-35 (Ky.Ct.App.1987); People ex rel. Antonini v. Tracey L., 230 A.D.2d 869, 646 N.Y.S.2d 703, 704 (N.Y.App.Div.1996). In Cole, the trial court denied the petition of a great-grandmother to visit her grandson brought under section 405.021, a Kentucky statute that permits the court to grant reasonable visitation rights to the grandparents if doing so is in the child’s best interest. Cole, 735 S.W.2d at 334-35. On appeal, the court affirmed the denial of the great-grandmother’s petition, finding that the statute only provided visitation between a *374 grandparent and grandchild. Id. at 335. The court reasoned:
To allow great-grandparents to be included within [this statute] would open the door to aunts and uncles, cousins and great-great-grandparents. While we would not be adverse to allowing those persons “standing in loco parentis” or “any person having an interest in the welfare of the child” to file petitions such as this, we do not believe this was the intention of the legislature .... Therefore, while we agree that the more familial bonds a child has is generally better for the child, this court is not in a position to add words and meaning to a statute that is clear on its face.
Id. (citation omitted).
¶ 15. Other states that have looked at the plain meaning of the word “grandparent” declined to look beyond the language of the statute to create additional statutory rights for great-grandparents. See Hammons, 764 N.E.2d at 305-06 (finding that plain meaning of “grandparents” does not include great-grandparents); Skov, 32 P.3d at 1127-28 (same).
¶ 16. With advancements in modern medicine, we recognize that people are living longer and healthier lives. As a result, it is more likely that there are great-grandparents caring for great-grandchildren in the same way that grandparents care for their grandchildren. However, this Court lacks authority to add words or meaning to a statute that is plain on its face. For the foregoing reasons, we find that the Alexanders did not have the right to petition to seek grandparent-visitation rights, and the chancellor’s award of visitation to the Alexanders cannot be upheld under section 93-16-3.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF TATE COUNTY IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.